### *Ex parte* MATILDA. O'LEARY.

CONSTITUTIONAL LAW. *Right of municipality to declare a thing a nuisance. Case in judgment.*

An ordinance of a municipality which declares it to be a nuisance " to erect hog pens within any enclosure in the city limits, or to permit hogs to run at large within any lot or enclosed place in the city," except at certain designated places, and directs that all such lots and pens be abated as such, is invalid, as being too broad and sweeping.

APPEAL from the decision of HON. T. J. WHARTON, Judge of the Ninth Judicial District, on *habeas corpus.*

Mrs. M. O'Leary was arrested by the City Marshall of Jackson, under a warrant issued for the violation of the following ordinance of said city:

" 11. To erect hog pens within any enclosure in the city limits, or to permit hogs to run at large within any lot or enclosed place in the city except at slaughter pens authorized by the mayor and aldermen, and all hog pens or lots now used as such are hereby declared a nuisance, and shall be abated." Thereupon she sued out this writ of *habeas corpus.* Judgment was rendered remanding her to the custody of the City Marshall, and she appealed therefrom.

*E. E. Baldwin*, for the appellant.

A municipality cannot declare a thing, or a class of things, to be nuisances, unless such are so *per se.* It is the province of a court to decide, upon due proof made, that the object is a nuisance.

*Pieri* v. *Shieldsboro*, 42 Miss., 493; *Wm. Wreford* v. *The People*, 14 Mich., 41; *Babcock* v. *The City of Buffalo*, 56 N. Y., 268; *Mayor, etc., of Hudson* v. *Thorne et al.*, 7 Paige, (N. Y.), 261; *Chicago* v. *Laflin et al.*, 49 Ill., 172; *Welch* v. *Stowell*, 2 Dougl. (Mich.), 332; *Clark* v. *The Mayor of Syracuse*, 13 Barb. (N. Y.), 32; *Yates* v. *Milwaukee*, 10 Wall. (U. S.), 497; *Wood on Nuisances*, S. 740, *et seq.*; and notably, *Quintini* v. *Bay St. Louis*, 64 Miss., 483.

*D. Shelton*, for the city of Jackson.

The principles of law applicable to this case seem to be : That, by the charter of Jackson, the mayor and alderman can, by *general ordinances*, make a class of obnoxious things nuisances *per se;* but they cannot do that against things that are not obnoxious as a class. That the mayor and aldermen, as a corporate *body politic*, have no authority to try and to adjudge a particular thing a *nuisance*, or order its abatement; but that must be adjudicated on trial by the mayor or some other competent *judicial* tribunal; and no thing can be condemned as a nuisance unless there has been a violation of some law, municipal statute or common law. I think these principles are sustained by every *pertinent* case referred to by either adverse counsel or myself. Wood on Nuisances, 534–555, and cases there referred to.

CAMPBELL, J., delivered the opinion of the court.

The process by virtue of which the prisoner was held conforms to the ordinance of the city, and the single question for the decision on trial of the writ of *habeas corpus* was as to the validity of the ordinance. It is too broad and sweeping in its provisions, and is invalid. Hogs in the city of Jackson may or may not be a nuisance, and any ordinance on the subject should be framed accordingly. Wood on Nuisances, § 518.

<div align="right">

*Reversed and prisoner discharged.*