## John A. Hoops v. Village of Ipava.

1. NUISANCES—*Power of Cities and Villages to Declare What Is.*—Subdivision 75 of Section 63, Article 5, of Chapter 24, R. S., entitled "Cities and Villages" (Hurd's Statutes. 1893, 258), giving to cities and villages the right to declare what shall be a nuisance, etc., confers no authority to conclusively declare that to be a nuisance which a court acting upon its experiences and knowledge of human affairs would say was not so in fact.

2. SAME—*Keeping a Stallion.*—The business of keeping a stallion for service in the thickly settled part of a village is in its nature offensive to the public sense of decency, detrimental to public morals, a source of annoyance and discomfort, and therefore a nuisance in its nature.

3. CITIES AND VILLAGES—*Power to Declare the Keeping of Stallion a Nuisance.*—Under Subdivision 75 of Section 63, Article 5, of Chapter 24, R. S., entitled "Cities and Villages" (Hurd's Statutes, 1893, 258), cities and villages have the power to enact an ordinance declaring the public exhibition of stallions or jacks within the corporate limits or the keeping or standing of the same for service in such city or village within one half mile of the public square to be a nuisance, and punish violation of the same by appropriate fines.

**Memorandum.**—Prosecution for violation of a village ordinance. Commenced in justice's court; taken to the County Court of Fulton County by appeal; the Hon. ADDISON M. BARNETT, Judge, presiding; trial by jury, verdict of guilty and judgment; defendant appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

H. W. MASTERS, attorney for appellant.

APPELLEE'S BRIEF, WILLIAM A. BABCOCK AND GRAY & WAGGONER, ATTORNEYS.

The legislature has authority under the constitution to confer on an incorporated town the power to declare what shall be nuisances, and to provide for their abatement.  Roberts v. Ogle, 30 Ill. 459; Leach v. Ellwood, 3 Ill. App. 453.

What constitutes a nuisance is a question of law for the court.  Susquehanna Fertilizer Co. v. Malone, 73 Md. 268.

Much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially

interfered with unless they are manifestly unreasonable and oppressive, unwarrantably invade private rights or clearly transcend the powers granted to them.  1 Dillon on Municipal Corporations (third edition) pages 383, 384, par. 379.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

An ordinance of the appellant village declared that the keeping of a stallion for service within one half mile of the public square in the village should be deemed a nuisance and provided for the punishment by fine of any person who should violate its provisions.  The appellant was charged with, convicted of and fined for a violation of the ordinance. He questions the legality of the conviction by this appeal. Appellant's contention is two-fold : (1) that a violation of the ordinance was not proven; (2) that it was not shown that the violation of the ordinance, if proven, did create a nuisance in fact.  We have read the evidence in the record and considered the argument of counsel thereon and are clearly of opinion that it sufficiently established the charge that appellant kept a stallion for service and allowed the animal to serve a mare within that portion of the village where the same was prohibited by the ordinance.  The court ruled that the declaration of the village trustees that the prohibited act should, if committed, be deemed a nuisance, was conclusive, and that the appellant could not be permitted to contest that declaration and show by proof that the stallion was so confined and secreted from public view, and so managed and controlled that a nuisance in fact was not created and did not in fact exist.  Whether the declaration of the village trustees in the ordinance was conclusive is the important question to be determined.  Subdivision 75, Sec. 63, Art. 5, Chap. 24, R. S., entitled, "Cities, etc.," empowers the trustees of villages, incorporated as is the village of Ipava under the general incorporation laws of the State "to declare what shall be a nuisance and to abate the same, and to impose fines upon persons who may

create, continue or suffer nuisances to exist." If interpreted according to its literal wording the act invests trustees of villages with ample power to conclusively declare every and any trade, occupation, calling or thing to be a nuisance and to abate it as such. The possession of such unlimited power would subordinate every business interest, however lawful, to the uncontrolled will of municipal authorities, and its exercise would result in unjustifiable invasion of private right; such power is not vested in such bodies. We do not conceive it to be the law that city councils or boards of village trustees may conclusively declare that to be a nuisance which a court, acting upon its experience and knowledge of human affairs, would say was not so in fact. Desplaines v. Poyer, 123 Ill. 348. That which, however, is a nuisance because of its nature or inherent qualities, or because it is forbidden by law, may be denounced or declared a nuisance by an ordinance, and such denunciation will be deemed conclusive. North Chicago R. R. Co. v. Lake, 105 Ill. 207. It was expressly decided by our Supreme Court in the case last cited, that if it be doubtful whether a thing is in its nature a nuisance, that is, whether it is in fact a nuisance, the determination of the question requiring judgment and discretion on the part of the village authorities in exercising their legislative functions under the power delegated by the enactment we are considering, the action of such authorities should be deemed conclusive of the question. North Chicago Railroad Co. v. Lake, *supra*. It is urged that the rulings of the court in North Chicago R. R. Co. v. Lake, just cited, are in direct conflict with the later holdings of the court in The Village of Desplaines v. Poyer, 123 Ill. 348, in which latter case it was said : "The village is incorporated under the general laws in relation to the incorporation of villages, and is by law empowered to declare what shall be a nuisance, but this does not authorize the village to declare that a nuisance which is not so in fact. * * * There are some things which are in their nature nuisances and which the law recognizes as such. There are others which may or may not be, their character in this respect depending

Hoops v. Village of Ipava.

on circumstances, and in the latter instance it is manifestly beyond the power of the village to declare in advance that those things are a nuisance. The question when a thing may or may not be a nuisance must be settled as one of fact and not of law."

The supposed conflict in the expressions of the court in the two cases is apparent only. It is true that in the later case it was said that the question when a thing may or may not be a nuisance must be settled as one of fact and not of law; while in the former case it was said : " In doubtful cases, where things may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in exercising their legislative functions under a general delegation of power like the one we are considering, their action under such circumstances would be conclusive of the question." In the later case the court say : " There are some things which are in their nature nuisances and which the law recognizes as such. There are others which may or may not be so, their character in this respect depending "—not upon their nature or inherent qualities—but, to .quote again, " upon circumstances." It was this latter class which were not nuisances in their nature, but which might become so by reason of exterior circumstances, that the court declared would not be conclusively denounced as nuisances by village or city authorities, but that the question as to them should be determined as one of fact, but not of law. As to things falling within the other class, that is, things which are in their nature nuisances, the later case declares, as does the former, that the law recognizes them as nuisances, and consequently no proof of their unlawful character is required to support the declaration of an ordinance denouncing them as such.

The business of keeping a stallion for service, because of the inevitable indecent noises and other offensive accompaniments attendant upon the business, if permitted in the principal or thickly settled parts of a village, is in its nature offensive to the public sense of decency, detrimental to public morals and a source of annoyance and discomfort to

others. It is therefore a nuisance in its nature, and may be so recognized and conclusively denounced by a village board under the general grant of power we are considering. The judgment must be and is affirmed.