M. O. CRUMPLER v. THE CITY OF VICKSBURG.

[42 South. Rep., 673.]

1. MUNICIPALITIES. *Constitutional law. Amendment XIV, Const. U. S. Police regulation.*

A city ordinance prohibiting any corporation or individual operating a water works system in the city from permitting the pipes connected with such system to become out of repair or leaky for more than two days in succession at any one time is a valid exercise of municipal authority for the protection of the streets of the city, and not objectionable for lack of uniformity, since it affects all of same class alike.

2. SAME. *Violation of ordinance. Prosecution. Evidence.*

In a prosecution for violating such ordinance, the condition of the street alleged to have been overflowed by a leaky pipe therein, prior to the date the prosecution was commenced, is admissible.

3. SAME. *Criminal law. Former jeopardy.*

After a conviction under such ordinance the accused cannot be again prosecuted for allowing the pipes to be out of order at the same place for any length of time prior to the date of the affidavit under which he was convicted.

4. SAME. *Prosecution. Defenses.*

In a prosecution for the violation of such ordinance it is no defense that the leaky condition of the pipes was due to vibrations caused by locomotives passing over the street under which the pipes were laid.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

The appellant, Crumpler, appealed from a conviction in the circuit court under the following ordinance of the city of Vicksburg:

"SECTION 1. *Be it ordained by the mayor and aldermen of the city of Vicksburg,* That it shall hereafter be unlawful for any corporation, or any water company, or waterworks company, or

any superintendent, manager, or managing director of any water company, or any waterworks company, or any person or persons, or individual or individuals owning or operating a waterworks plant or waterworks system in the city of Vicksburg, or any person having a water plant or system of water plant in charge or under his supervision or management, or control, to allow or permit the pipes or mains or conduits of such plant or system to be out of repair, or to be in such leaky condition as to permit water to escape therefrom, or to flow on or over or across any of the streets, roads, lanes, or alleys of the city of Vicksburg for as long as two days in succession at any time."

Section 2 provides the penalty for violation. Affidavit was made charging that Crumpler was the superintendent of the Vicksburg Waterworks Company, having the management and control of its plant, and that he had permitted the pipes of the company to remain out of repair and in a leaky condition, so that water escaped therefrom and flowed over and across one of the principal streets of the city at a point where the Alabama & Vicksburg Railway tracks crossed said street. The defendant demurred to the affidavit, attacking the validity of the ordinance on which it was based. The court overruled the demurrer, and, when the case was called for trial, defendant made an application for continuance on account of the absence of a witness by whom he expected to prove that the leaky condition of the pipes was due to the vibrations caused by the passing of locomotives over the street under which said pipes were laid. The court overruled the motion, and the case proceeded to trial, resulting in a verdict of guilty. Reversal was asked: (1) for the refusal of the application for continuance; (2) for the refusal of the court to permit proof of the defective condition of certain private service pipes connecting with the mains of the company; (3) for the refusal to compel the city to elect a particular time of the defective condition of the pipes and confine its proof to that time, and the admission of testimony showing the leaky condition of

the pipes at various times prior to the filing of the affidavit; (4) for the unconstitutionality of the ordinance under which appellant was convicted, in that it is class legislation, discriminating against appellant, and is violative of the fourteenth amendment to the constitution of the United States.    Other facts are stated in the opinion of the court.

*Hudson & Fox,* for appellant.

The ordinance in question was unconstitutional in that it was class legislation and denied equality of protection under the law. *People ex rel.* v. *Blocki,* 67 N. E. Rep., 809 ; *Harding* v. *People,* 32 L. R. A., 445 ; *State* v. *Goodwill,* 2 Am. St. Rep., 863 ; *Zick,* v. *Hopkins,* 118 U. S. (Lawyers' ed.), 118 ; *State* v. *Sheriff,* 31 Am. St. Rep., 651 ; *Railroad Co.* v. *Moss & Co.,* 60 Miss., 641 ; *Adams* v. *Lumber Co.,* 84 Miss., 23 ; *Ballard* v. *Cotton Oil Co.,* 81 Miss., 507.

The court erred in refusing to allow the accused to show that the private service pipes of a railway corporation and others who owned them likewise leaked in the public streets at the same point.

The leaking of the pipes was not *per se* a nuisance.    Whether it amounted to a nuisance depended upon the degree in which they leaked and the effect thereof on the public convenience, and there was no testimony on the subject.    *Ex parte O'Leary,* 65 Miss., 80 ; *Quinlini* v. *Board of Aldermen,* 64 Miss., 483.

The prosecution should have been compelled to elect a particular time when the ordinance was being violated, and to confine its proof to that time, and the testimony showing the leaky condition of the pipes at various times prior to the filing of the affidavit should have been excluded.    *Newman* v. *State,* 72 Miss., 126 ; *King* v. *State,* 66 Miss., 502 ; *Bailey* v. *State,* 67 Miss., 333 ; *Naul* v. *McComb City,* 70 Miss., 699.

*George Anderson,* for appellee.

The ordinance does not declare that the leaking of pipes and mains *within the city* shall constitute a nuisance and be punish-

able as a misdemeanor, but to allow them to leak so· that water flows for two days in succession across a public street is condemned as an offense. The *O'Leary* and· *Quintini cases* cited for· appellant are wholly without application.

The service pipes mentioned by appellant are not private pipes. Whatever may be the contract between the water company and its patrons in respect to them, they are put down and maintained by the water company under its franchise permitting such use of the street.

*R. V. Fletcher,* assistant attorney-general, on same side.

If the service pipes are really owned or operated by individuals other than water companies, these individuals also are punishable for a violation of the ordinance, under its terms, and there can be nothing therefore to condemn in the ordinance as class legislation. However, a water company or water supply system is a public service corporation, enjoying unusual powers of a *quasi* public nature, and might, therefore, be classified differently from persons merely owning and using private pipes.

The condition of the pipes before the time counted on by the city was of value in showing that the condition existed at the time specified in the affidavit. 1 Wigmore on Evidence, 437.

MAYES, J., delivered the opinion of the court.

The cases of *Ex parte O'Leary,* 65 Miss., 80 (3 South. Rep., 144; 7 Am. St. Rep., 640), and *Quintini* v. *Board of Mayor and Aldermen,* 64 Miss., 483 (1 South. Rep., 625; 60 Am. St. Rep., 62), have no application to this case. The ordinance we are construing is a police regulation, dealing with the public streets of the city of Vicksburg, and having as its object the preservation of the health, comfort and safety of the public, and additionally to compel a proper use of the streets by the waterworks plant. The streets are the common property of the public, and the subject of the proper regulation and protection of the streets and their control is a matter of especial power and

duty vested in and imposed upon the municipality. If a municipality neglects this duty, and damage results to any one from the neglect, in many instances the municipality is made liable therefor. The control of the streets implies proper drainage, and the maintenance of the streets in a safe and passable condition, free from filth, slush, stagnant pools of water, and soft, muddy earth, all of which result necessarily from leaky mains. It is to protect against this that the ordinance requiring all waterworks plants located in the city of Vicksburg to keep their mains from leaking was passed. Such an ordinance deals with a subject which is proper for municipal regulation. In the *O'Leary case, supra,* the municipal authorities were not dealing with streets. They undertook to pass an ordinance prohibiting the erection of any hogpen in the city of Jackson, and prohibiting the keeping of any hogs in the city limits on any lot or inclosed place; and the court said that this ordinance, which violated the right of private property and declared it to be a nuisance and abated as such, without reference to the fact of whether it was so in fact or not, was too broad, and therefore void. The *Quintini case, supra,* was of the same character, and undertook to deprive the owner of the lawful use of her property for a supposed public advantage; and the court held that this could not be done, except upon due compensation being first made to the owner. The decision in neither of the cases tends to uphold any contention made by appellant.

We can find no clause of the constitution, either federal or state, that is violated by this ordinance. It is clearly within the power of the municipality to pass it. It discriminates against no one. It is general in its nature and impartial in its application, and affects all of the same class alike. When an ordinance does this, it needs no citation of authority to uphold the proposition that it is a valid ordinance; but, if authority is required, a long list of authorities will be found under fourteenth amendment to constitution of United States (Code 1906,

note "b"), containing both state and federal decisions, and 21 Ency. of Law (2d ed.), p. 983, *et seq.*, note 7.

The ordinance under construction is enacted for the purpose of preventing a bad condition of the streets, brought about by leaky mains. It is general in its nature, in that it affects all waterworks plants alike. It is made an offense for any waterworks plant in the city of Vicksburg, or the superintendent, managing director, or manager of any waterworks plant, to allow the pipes, mains, or conduits of the plant to be out of repair or in a leaky condition, so as to permit the water to escape therefrom and flow over the streets, etc., for as long as two days in succession. This ordinance applies to all waterworks plants, whether owned by a corporation, individual, company, or persons. It applies to all alike, and to the manager, superintendent or managing director of any waterworks plant, it matters not by whom it may be owned. "Laws, public in their objects, may be confined to a particular class of persons, if they are general in their application to the cases to which they apply, provided the distinction is not arbitrary, but rests upon some reason of public policy." *Murphy* v. *Mulgrew* (Cal.), 36 Pac. Rep., 857 (41 Am. St. Rep., 200), and authorities cited under note quoted from. This ordinance answers all the requirements of the rule laid down above. It does not apply to private consumers of the water, for reasons of public policy that are obvious; but, because it only applies to waterworks plants, and not to individual consumers who may own their own pipes, if it be conceded that the consumers own their pipes so as not to render the water company liable, if they are in a leaky condition for longer than two days, it is not discriminatory on that account. It applies to the class it is aimed at without any discrimination. The classification is not arbitrary. The waterworks company traverses every street in the city, and it owns many mains and pipes located in the streets throughout the city. The danger of the streets getting into bad repair by reason of leaky mains

belonging to it is many times greater than from the leaky pipe of a private consumer. The waterworks company has a franchise permitting it to use the streets to lay its mains, and the ordinance is designed to compel it not to abuse this privilege. The public policy involved in making this ordinance applies to waterworks plants, and not to individual consumers, or, in other words, the reason for the distinction is sound and manifest. It is certain that Mr. Crumpler knew of the condition of this street, and that his attention had been repeatedly called to it, and that he failed to correct it.

There was no error in admitting testimony showing the condition of the street prior to the time of the affidavit. This testimony was explanatory of the cause, and it was necessary for the city to show a leaky condition of the street for at least two days. Mr. Crumpler cannot be again prosecuted for allowing the mains to be out of order on this street for any length of time prior to the date of the affidavit. 1 Wigmore on Evidence, 437, notes 2, 5.

We notice no other error assigned, except to say that we do not think that the court erred in refusing the application for a continuance. The evidence offered was not material, and furnished no excuse, as it was the duty of the waterworks company to so construct its mains that the leak would be prevented. That this could have been done is shown by the record. This waterworks plant had been in operation since 1886, and owned by the present company since 1900, and it had had ample opportunity to properly construct its mains. The fact that it did not do so doubtless caused the city to pass this ordinance.

*Affirmed.*