## MILLER v. TOWN OF SYRACUSE.

[No. 20,797.    Filed February 28, 1907.]

1. NUISANCES. — What are. — Ordinances Defining. — Municipal Corporations.—Municipal corporations, under §4357 Burns 1901, §3333 R. S. 1881, giving the boards of trustees of incorporated towns the power to declare what shall constitute nuisances therein, and power to abate the same, cannot declare that to be a nuisance which by nature is not and cannot become one. p. 232.

Miller *v.* Town of Syracuse—168 Ind. 230.

2. NUISANCES.—*What are, at Common Law.*—At the common law anything offensive to the sight, smell or hearing, erected or carried on in or near a public place, to the annoyance of persons having the right to use such public place, is a nuisance.   p. 232.

3. SAME.—*Ordinances Defining.—Doubtful Cases.*—Under a general grant; to a municipal corporation to define what are nuisances, it may include nuisances *per se* and also things which may be nuisances but about which honest differences of opinion may be held.   p. 233.

4. SAME.—*Hogs.—Ordinances.—Sufficiency.*—A town ordinance prohibiting the keeping of hogs in a pen within the town or within 200 feet of an alley or street therein, sufficiently shows that such keeping was denounced as a nuisance, though it did not in terms so state, the purpose thereof being apparent. p. 233.

5. POLICE · POWER. — *Delegation of.* — *Towns.* — *Ordinances.* — *Health.*—The exercise of the police power, which may be delegated to towns, rests, except as limited by the Constitution, with the legislature, and its action therein may not be controlled by the courts.   p. 233.

6. SAME.—*Ordinances.—Health.—Hogs.*—An ordinance prohibiting the keeping of hogs in a pen within a town when within 200 feet of a street or alley thereof, is an exercise of the police power in relation to the public health.   p. 234.

7. SAME. — *Health.* — *Ordinances.* — *Reasonableness.* — A town health ordinance authorized by the legislature as within the police power, and not prohibited by the Constitution, cannot be assailed on the ground that it is unreasonable.   p. 234.

8. SAME.—*General Grant of, to Towns.—Ordinances.—Validity.* —Where the legislature delegates, in general terms, the exercise of its police power to towns, their ordinances exercising such power should not be declared invalid unless plainly in violation of some constitutional right.   p. 234.

9. SAME.—*Hogs.—Ordinances.—Municipal Corporations.*—Towns may by ordinance, under §4357 Burns 1901, §3333 R. S. 1881, prevent the keeping of hogs within their limits when within 200 feet of their streets and alleys.   p. 235.

From Kosciusko Circuit Court; *L. W. Royse,* Judge.

Prosecution by the Town of Syracuse against Lewis Miller. From a judgment of conviction, defendant appeals.   *Affirmed.*

*A. L. Cornelius,* for appellant.

*John A. Sloane,* for appellee.

MONTGOMERY, C. J.—Appellant was convicted of violating an ordinance of the town of Syracuse, which prohibited the keeping of hogs in a pen within the corporate limits when within two hundred feet of a street or alley of the town.

The only error assigned is the overruling of appellant's demurrer to the amended complaint.

The sufficiency of the complaint is attacked upon the ground that the provisions of the ordinance upon which it is based are too broad and sweeping to be a valid exercise of the police power.

Section 4357 Burns 1901, §3333 R. S. 1881, confers upon the board of trustees of an incorporated town the power "to declare what shall constitute a nuisance, and to prevent, abate and remove the same, and take such other measures for the preservation of the public health as they shall deem necessary." It was in pursuance of this authority, we assume, that the ordinance in question was enacted. It is well settled that a municipality cannot, under this general warrant, declare that to be a nuisance which, from its evident nature, situation and surroundings, is not, and cannot in fact become, a nuisance. *City of Evansville* v. *Miller* (1897), 146 Ind. 613, 38 L. R. A. 161, and cases cited.

Many things, however, from their nature, the condition in which they may be maintained, and their proximity to public places, may become nuisances, and in dealing with such things the municipality is clothed with a large discretion. Anything offensive to the sight, smell, or hearing, erected or carried on in or near a public place where the people dwell or pass, or have the right to pass, to their annoyance, is a nuisance at common law. *Hackney* v. *State* (1856), 8 Ind. 494; *Haggart* v. *Stehlin* (1894), 137 Ind. 43, 22 L. R. A. 579.

The supreme court of Illinois has held that, under a power in terms quite similar to the provision just quoted, the governing body of a municipal corporation in that state is authorized to denounce conclusively as a nuisance those things which are nuisances *per se,* and also those which in their nature may be nuisances, but as to which there may be honest differences of opinion in impartial minds. *Laugel* v. *Bushnell* (1902), 197 Ill. 20, 63 N. E. 1086, 58 L. R. A. 266. See, also, *Baumgartner* v. *Hasty* (1885), 100 Ind. 575, 578, 50 Am. Rep. 830.

The ordinance under consideration does not recite or declare what object or reasons there are for its passage, or in terms denounce as a nuisance the keeping of hogs in a pen within the prohibited limits, but its silence and omission in these respects in nowise affect the validity of the ordinance. The objects of any particular enactment are generally obvious, and the reasons for its passage are usually found in existing conditions, and the adaptability of the act to secure the manifest purpose of the legislation. It is accordingly sufficient that the statute or ordinance treats a thing as a nuisance, without a formal declaration that it is such. *Harrington* v. *Board, etc.* (1897), 20 R. I. 233, 38 Atl. 1, 38 L. R. A. 305; *City of Crowley* v. *Ellsworth* (1905), 114 La. 308, 38 South. 199, 108 Am. St. 353, 69 L. R. A. 276.

The police power is incident to the sovereignty of the State, and may be exercised by the legislature to protect or promote the public health, morals, or safety, subject only to such limitations as are imposed by the fundamental law. The legislature has properly delegated to incorporated towns the exercise of such power, within fixed limits, to declare, prevent, and abate nuisances and preserve public health. When the exercise of the police power by the State is challenged as unreasonable, it is a judicial function to determine whether the particular regulation comes within the scope of such power, and, finding

that fact in the affirmative, courts "cannot run a race of opinions upon points of right, reason, and expediency with the lawmaking power." It is not essential that a police regulation be wholly wise and just to sustain its validity, but if such regulation appears to have been designed for, and to be reasonably calculated to subserve, a proper public purpose, it will be upheld unless it clearly invades some right secured by the state or federal Constitution.

6. The objects of this ordinance were clearly within the scope of the police power, and it was enacted, as already shown, in pursuance of express authority conferred by the legislature. *Walker* v. *Towle* (1901), 156 Ind. 639, 53 L. R. A. 749; *Beiling* v. *City of Evansville* (1896), 144 Ind. 644, 35 L. R. A. 272; *Rund* v. *Town of Fowler* (1895), 142 Ind. 214.

7. It is well settled that when the adoption of a municipal ordinance or by-law is expressly authorized by the legislature, and when the power so granted is not in conflict with a constitutional prohibition, or fundamental principles, it cannot be successfully assailed as unreasonable in a judicial tribunal. *Beiling* v. *City of Evansville, supra; Rund* v. *Town of Fowler, supra; Skaggs* v. *City of Martinsville* (1895), 140 Ind. 476, 33 L. R. A. 781, 49 Am. St. 209; *Steffy* v. *Town of Monroe City* (1893), 135 Ind. 466, 41 Am. St. 436; *Coal Float* v. *City of Jeffersonville* (1887), 112 Ind. 15.

8. The legislature did not define with precision the details of the regulations which a town may adopt for the prevention or abatement of nuisances, or prescribe the precise penalties which it may impose for a violation of such provisions, but it did delegate and confer upon town boards full authority within their jurisdictions to declare and define what shall constitute a nuisance, and power to prevent and abate the same, and power to take such other measures as may be deemed necessary for the preservation of the public health. It would

Miller *v.* Town of Syracuse—168 Ind. 230.

be manifestly difficult, if not impossible, to frame general laws dealing in detail with nuisances, and the legislature has wisely committed to the local governments authority to enact, and the responsibility of enforcing, proper sanitary and health regulations. If there be any fear of oppression, that fear must be that the people invested with the right of self-government will oppress themselves, as the power is wholly in their hands. Courts should be reluctant to disturb a municipal regulation, enacted in pursuance of such a comprehensive grant of power, and designed to promote the public health and comfort, on the ground of unreasonableness, but such regulation should be upheld as valid unless it is plain that it has no real relation to its professed object, or is a palpable invasion of private rights protected by constitutional guaranties. In discussing this question Judge Dillon says: "Much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially interfered with unless they are manifestly unreasonable and oppressive, or unwarrantably invade private rights, or clearly transcend the powers granted to them." 1 Dillon, Mun. Corp. (4th ed.), §379.

In the case of *Town of Darlington* v. *Ward* (1896), 48 S. C. 570, 26 S. E. 906, 38 L. R. A. 326, it was held that an ordinance making it unlawful to keep any hog within the corporate limits of the town could not be held void for unreasonableness, under statutes giving power to define nuisances and regulating and controlling the keeping of animals in the town.

The court of criminal appeals of Texas upheld an ordinance which prohibited the keeping of hogs within one mile of the court-house, the corporate limits of the town extending one and one-half miles in each direction from the court-house. *Ex parte Glass* (1905), (Tex. Cr.), 90 S. W. 1108.

In the case of *Smith* v. *Collier* (1903), 118 Ga. 306, 45 S. E. 417, the supreme court of Georgia held that an ordi-

nance, which declares that "no hogs shall be permitted to remain within the corporate limits * * * between the 1st day of April and the 1st day of October," is not, upon its face, so unreasonable that it would be the duty of the courts to declare it void.

The supreme court of North Carolina held an ordinance to be valid which prohibited the keeping of hog-pens within one hundred yards of another's residence. *State* v. *Hord* (1898), 122 N. C. 1092, 29 S. E. 952, 65 Am. St. 743.

The supreme court of Massachusetts sustained an ordinance prohibiting the keeping of swine within particular districts of the city, and declared that, in the absence of evidence to the contrary, the court will presume that such ordinance is reasonable. *Commonwealth* v. *Patch* (1867), 97 Mass. 221.

The supreme court of Iowa confirmed a conviction under an ordinance of the city of Cedar Rapids for maintaining a pen in which one hog was kept, in violation of a regulation of the board of health. It was admitted in the case that the pen was kept clean, and was not a nuisance by reason of filth, but was a nuisance, if at all, because of the regulation of the board of health. The court said in concluding the opinion: "Before an ordinance or regulation of a board of health can be said to be unreasonable, it should clearly so appear. The question should not remain doubtful, and the exercise of the discretion necessarily reposed in the officers and boards of cities making regulations for the preservation of the health of the inhabitants cannot be declared invalid unless it clearly so appears. A legal restraint may be imposed on the few for the benefit of the many. We conclude that the regulation and ordinance cannot, as a matter of law, be said to be unreasonable." *State, ex rel.,* v. *Holcomb* (1885), 68 Iowa 107, 26 N. W. 33, 56 Am. Rep. 853. As illustrative cases see, also, *Hoops* v. *Ipava* (1893), 55 Ill. App. 94; *Ex parte*

*Foote* (1901), 70 Ark. 12, 65 S. W. 706; *City of St. Louis* v. *Stern* (1876), 3 Mo. App. 48, 55; *Commonwealth* v. *Van Sickle* (1845), Brightly (Pa.) 69.

The strongest cases cited by appellant in support of his contention are, *Ex parte O'Leary* (1887), 65 Miss. 80, 3 South. 144, 7 Am. St. 640, *State* v. *Speyer* (1895), 67 Vt. 502, 32 Atl. 476, 29 L. R. A. 573, 48 Am. St. 832, and *Mc-Knight* v. *City of Toronto* (1883), 3 Ont. 284. We need not attempt to distinguish these cases, or to reconcile the apparent conflicts, as we are satisfied that our conclusion is in accord with the authorities, sound legal principles, and a wholesome administration of the law.

The ordinance in question is the product of the legitimate exercise of a legislative power and administrative discretion lodged in the municipality for the promotion of the public health and comfort, and we are not warranted in saying, as a matter of law, that its provisions are unreasonable or improperly invade private rights. The court did not err in overruling appellant's demurrer to the amended complaint.

The judgment is affirmed.