## Village of Plymouth, Appellant, v. J. E. McWherter, Appellee.

1. ORDINANCES—*presumption as to validity.* An ordinance adopted by a municipal corporation within the delegated and limited powers conferred upon it by the legislature is presumed to be reasonable and valid, and the burden is upon one attacking such ordinance clearly to establish its unreasonableness and invalidity.

2. ORDINANCES—*as to standing of stallions, etc., not void.* Held, that an ordinance prohibiting the standing of stallions without certain consents of property owners was not unreasonable and void.

3. COSTS—*when judgment erroneous.* It is error to render a judgment for costs against a municipal corporation suing to enforce an ordinance.

Appeal from the Circuit Court of Hancock county; the Hon. J. A. GRAY, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed December 15, 1909.

FLACK & LAWYER, for appellant.

W. H. HARTZELL and S. L. McCRORY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The question involved in this appeal is the validity of section one of an ordinance of the Village of Plymouth entitled, "An ordinance regulating the letting of stallions, asses and bulls to the opposite sex and the handling and keeping of the same", which section, omitting the formal part, is, as follows:

"That no person or persons shall stand any stallion, ass or bull within the corporate limits of the Village of Plymouth, Illinois, without the consent in writing of all the property owners and persons living within one block each way from the barn or stable where it is proposed to stand such stallion, ass or bull, and any person or persons violating the provisions of this section shall be fined not less than ten dollars, nor more than one hundred dollars for each offense."

Upon the trial of the case in the Circuit Court, with-

out a jury, upon an agreed statement of facts, there was a finding for the defendant and judgment against the plaintiff, Village of Plymouth, for costs.

The due passage and publication of the ordinance is admitted, and it further appears from the agreed statement of facts that on and prior to April 8, 1908, the defendant was conducting and maintaining a breeding barn facing one of the main streets of the village, within one block of the public square of said village, and in a residence portion thereof, in which barn defendant kept four stallions for breeding purposes and stood them in said barn within the corporate limits of said village for more than ten days prior to the commencement of this suit; that during said time at least five mares were bred to said stallions on at least five different days; that said barn is situated in a residence block, and that one widow living on the lot adjacent to said barn had refused to give her consent verbally or in writing to the keeping of said barn at said place; that several other residences are located within one block of said barn and the consent of the owners in writing had not been obtained.

It is an inflexible rule that an ordinance adopted by a municipal corporation within the delegated and limited powers conferred upon it by the legislature is presumed to be reasonable and valid, and the burden is upon one attacking such ordinance to clearly establish its unreasonableness and invalidity. People v. Grand Trunk Ry. Co., 232 Ill. 292; Gage v. Village of Wilmette, 230 Ill. 428. Paragraph 75 of section 1 article 5, chapter 24, of the Revised Statutes, empowers the legislative authority of cities and villages, "To declare what shall be a nuisance and to abate the same, and to impose fines upon parties who may create, continue or suffer nuisances to exist."

If the thing prohibited by ordinance is thereby treated and penalized as a nuisance, a formal declaration that it is a nuisance is not necessary. Miller v. Town of Sycamore, 168 Ind. 230.

In Laugel v. City of Bushnell, 197 Ill. 20, it was said: "Nuisances may be thus classified: First, those which in their nature are nuisances *per se* or are so denounced by the common law or by statute; second, those which in their nature are not nuisances but may become so by reason of their locality, surroundings, or the manner in which they may be conducted, managed, etc.; third, those which in their nature may be nuisances but as to which there may be honest differences of opinion in impartial minds."

The breeding of male animals to those of the opposite sex, when conducted in an enclosure out of public view and hearing does not constitute a nuisance *per se,* but is in its nature a nuisance, or may become so by reason of the locality or surroundings in which the same is conducted. Whether the ordinance here involved be held to be the conclusive declaration of a nuisance by the village authorities based upon the exercise by such authorities of their judgment and discretion, or whether the declaration of the thing prohibited, as a nuisance, is to be determined as a question of fact, we do not think the ordinance is unreasonable and void.

As bearing upon the question of the reasonableness of the ordinance, we fully concur in what was said by Mr. Justice Boggs in Hoops v. Village of Ipava, 55 Ill. App. 94, as follows: "The business of keeping a stallion for service, because of the inevitable indecent noises and other offensive accompaniments attendant upon the business, if permitted in the principal or thickly settled parts of a village, is in its nature offensive to the public sense of decency, detrimental to public morals and a source of annoyance and discomfort to others."

Appellee urges that the ordinance is invalid for the reason that it delegates its enforcement to the property owners and persons living within one block each way from the barn or stable where it is proposed to stand such stallion, ass or bull. The contention of

appellee in this regard is fully answered in numerous cases, where ordinances containing similar provisions requiring the consent of property owners and residents before certain business in the nature of a nuisance and otherwise prohibited within the corporate limits, could be carried on, were involved and held to be valid. City of Chicago v. Stratton, 162 Ill. 494; Swift v. The People, 162 Ill. 534; Harrison v. The People, 195 Ill. 466; Martens v. The People, 186 Ill. 314; Theurer v. The People, 211 Ill. 296; The People v. Griesbach, 211 Ill. 35.

Unquestionably, it was within the power of the president and board of trustees of the Village of Plymouth to absolutely prohibit by ordinance the location of a breeding stable within the corporate limits of the village, and it cannot be said that because the consent of all of the property owners and persons residing within certain territory contiguous to where such stable is proposed to be kept, is required to permit the location of the same in a particular locality within the corporate limits, the ordinance is unreasonable and therefore void. The further contention by appellee that the ordinance is unreasonable because it requires the consent of all the property owners and persons residing within a certain territory instead of the consent of only a majority of such property owners and persons, is equally untenable. This contention is based upon the theory that some of the property owners and persons residing within the designated territory might be infants incapable of giving their written consent to the location of a breeding stable and the condition imposed by the ordinance would, therefore, operate as an absolute prohibition. Without conceding that the ordinance would necessarily have such effect, it may be said that a like situation might arise under an ordinance which required the consent of only a majority of the property owners, as it did in the case of The People v. Griesbach, *supra,* where it was not

pretended that the ordinance was thereby rendered unreasonable.

The court was in error in refusing to hold as the law of the case the fourth and fifth proposition submitted by appellant, and in holding as the law of the case the first and second propositions submitted by appellee.

Appellant is not liable for costs in a proceeding to enforce its ordinances notwithstanding they may be held invalid, and the judgment in this case against appellant for costs was erroneous. City of Monmouth v. Popel, 183 Ill. 634.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*