City of Herrin ex rel. Charles C. Murrah, City Attorney, Appellant, v. Paul Fatima and John Eovaldi, Appellees.

1. CONSTITUTIONAL LAW—*validity of ordinance declaring place where intoxicating liquors sold or kept for sale to be common nuisance.* A city ordinance declaring any place where intoxicating liquors are sold or kept for sale to be a common nuisance and providing for the abatement thereof, passed pursuant to the provisions of Cities and Villages Act, Cahill's Ill. St. ch. 24, ¶ 65, cl. 75, delegating to city councils the power to declare what shall be a nuisance and to abate the same, is not unconstitutional.

2. NUISANCES—*right of municipal corporation to maintain injunction to abate nuisance.* A municipal corporation has the right to maintain a bill for the abatement as a common nuisance of a place where intoxicating liquors are sold in violation of an ordinance declaring such places to be common nuisances, especially in view of the provisions of the Dramshop Act, Cahill's Ill. St. ch. 43, ¶ 21, declaring all places where liquors are illegally sold to be common nuisances, and paragraph 39, empowering all cities and villages to adopt ordinances prohibiting dealings in intoxicating liquors.

3. NUISANCES—*legal remedy for abatement not exclusive.* A municipal corporation is not restricted to its remedy at law for the abatement of an admitted common nuisance consisting in the violation of a liquor ordinance, but may proceed in injunction to abate such nuisance, especially where the act sought to be enjoined is not the illegal sale of liquors but the illegal maintenance of a place within the city for the sale of liquors.

Appeal by plaintiff from the City Court of Herrin; the Hon. A. D. MORGAN, Judge, presiding. Heard in this court at the March

City of Herrin v. Fatima et al., 230 Ill. App. 221.

term, 1923. Reversed and remanded with directions. · Opinion filed July 2, 1923.

Charles C. Murrah, for appellant.

No appearance for appellees.

Mr. Presiding Justice Boggs delivered the opinion of the court.

On June 24, 1922, the City of Herrin, by its city attorney, filed a bill for injunction in its city court against appellees, Paul Fatima and John Eovaldi, charging that on May 21, 1921, it passed an ordinance in and by which it is provided, among other things, that all places within said city where any intoxicating liquors are sold or kept for sale are declared to be common nuisances; and that upon the conviction of any person or persons keeping the same, he, or they, shall be fined, and the place so kept shall be shut up and abated until the keeper shall give bond with sufficient surety, to be approved by the court, in the penal sum of $5,000, payable to the People of the State of Illinois, conditioned that he will not again violate any of the provisions of said ordinance. Said bill further charges that appellees on May 27, 1922, and since, have been the keepers of a place of business in said city where intoxicating liquors were sold and kept for sale contrary to the provisions of said ordinance, and that appellees, in the premises aforesaid, did keep and maintain a common nuisance as defined in said ordinance; that appellees were convicted of selling intoxicating liquor in said premises on June 10, 1922, before a police magistrate. Said bill further charges that a strict adherence to the procedure ordinarily adopted for the prosecution and suppression of nuisances would result in innumerable separate actions being filed, which would be inadequate, and from which

great vexation, confusion and delay would result. An injunction was prayed against appellees to restrain them from using said premises for the sale of intoxicating liquors, etc. A temporary writ of injunction was issued as prayed.

A motion to dissolve said temporary injunction was made and a hearing was had thereon, but the court reserved its ruling until the cause could be heard on the merits. Thereafter appellees answered said bill, admitting, among other things, that appellant is by statute given the power by ordinance to declare what shall constitute a nuisance within the corporate limits of said city and to abate the same; that by said ordinance it is provided that all places within said city where intoxicating liquors are sold or kept for sale are declared to be common nuisances, and that appellees were convicted before a police magistrate of selling intoxicating liquor in the premises in question. Appellees deny in their answer that they sold or kept for sale intoxicating liquors or that they were the keepers of a place of business where intoxicating liquors were sold or kept for sale contrary to the provisions of said ordinance. A replication was filed to said answer and a hearing was had resulting in a finding for appellees and a decree dissolving said temporary injunction and dismissing said bill for want of equity. To reverse said decree, appellant prosecutes this appeal.

The motion filed by appellees for a dissolution of said temporary injunction charged, among other things, that said ordinance is unconstitutional; that there is no allegation or proof that appellees had violated said ordinance; that if said ordinance has been violated by appellees, there is an adequate remedy at law therefor; and that appellant is without authority to maintain a bill to restrain appellees from selling intoxicating liquors but that such proceedings must be brought in the name of the "People of the State of

Illinois'' on the relation of the Attorney General, State's Attorney, City Attorney or some other person.

The court found, among other things, that there was no equity on the face of the bill; that the evidence did not substantiate its allegations and that appellant had a full, complete and adequate remedy at law. The ordinance in question was by stipulation in open court admitted in evidence without objection.

The evidence on the part of appellant discloses that appellees were maintaining in the City of Herrin, on the premises described in said bill, a place fitted up like an ordinary saloon; that, on several occasions subsequent to the passage of the ordinance in question, intoxicating liquors were sold by appellees therein and that said liquors were paid for by the parties procuring the same. The evidence is further to the effect that the ordinary remedies afforded by prosecution under the criminal statutes and under the ordinances of said village were not adequate to stop the illegal sale of liquor in said city.

No evidence was offered on the part of appellees. Appellees filed no brief and under the rules of this court we would be warranted in reversing and remanding this cause pro forma. We are of the opinion, however, that the ends of justice will best be subserved by our stating our reasons why we think this case should be reversed on the merits.

One of the questions sought to be raised by appellees on the motion to dissolve said temporary injunction is that the ordinance in question is unconstitutional. Appellees in their answer to said bill admit that the City of Herrin is by statute given the power to declare by ordinance what shall be a nuisance and to abate the same. They are therefore not in a very good position to urge that the ordinance is unconstitutional. Clause 75 of section 65 of the Cities and Villages Act (Cahill's Ill. St. ch. 24, ¶ 65, cl. 75) with reference to the powers delegated to city councils,

provides as follows: "To declare what shall be a nuisance, and to abate the same; and to impose fines upon the parties who may create, continue or suffer nuisances to exist." Courts will never pronounce an ordinance void unless its nullity and invalidity is placed beyond a reasonable doubt. *Village of Plymouth v. McWherter,* 152 Ill. App. 114; *Stanton v. City of Chicago,* 154 Ill. 23.

The ordinance in this case was passed by express power given cities and villages by the legislature of the State and it is therefore not unconstitutional.

Appellees also made the contention in their answer and by said motion that the City of Herrin has no authority to prosecute a bill of this character. There is no merit in this contention, as our courts have frequently recognized the right of a municipal corporation to maintain a bill in equity to abate a nuisance. *Metropolitan City Ry. Co. v. City of Chicago,* 96 Ill. 620; *City of Pana v. Central Washed Coal Co.,* 260 Ill. 111.

The court in the latter case, at page 123, says: "Municipal corporations, in the exercise of power granted to them by the State to abate nuisances, may, under proper circumstances, call upon a court of equity for assistance. (*Metropolitan City Ry. Co. v. City of Chicago,* 96 Ill. 620; 1 Amer. & Eng. Encyc. of Law, 2nd ed., p. 73, note 1; 2 Joyce on Injunctions, sec. 1078.) * * * When, however, the existence of a nuisance has been established at law, a court of equity will grant an injunction as a matter of course. (2 Joyce on Injunctions, sec. 1064; 2 Beach on Injunctions, sec. 1064; 1 High on Injunctions, 3rd ed., sec. 741.) * * * Wherever the legal right is clearly established and the unreasonable and unlawful use of property to the injury of others is clearly proved, it is not necessary that the question should be first determined in a suit at law. (*Wente v. Commonwealth Fuel Co.,* 232 Ill. 526; *Oehler v. Levy,* 234 Ill. 595.)"

See also, *Village of Dwight v. Hayes*, 150 Ill. 273; 1 High on Injunctions, 3rd ed., sec. 748; 2 Joyce on Injunctions, sec. 1064; 29 Cyc. 1230.

Not only does the record in this case clearly disclose that a nuisance is being maintained by appellees in the premises in question but appellees themselves admit in their answer that they have been convicted of selling liquor in said premises, and so far as the record discloses that judgment still stands. It should also be observed that without reference to the validity of said ordinance and without reference to whether, since the prohibition law went into effect, a bill can be maintained to enjoin or abate a nuisance based on the violation of a city ordinance of the character here involved, an examination of said bill discloses that appellees are charged with maintaining a place where intoxicating liquors are unlawfully sold, which allegation, if true, under the statutes of this State constitutes said place a nuisance.

Section 21 of the Dramshop Act (Cahill's Ill. St. ch. 43, ¶ 21) provides, among other things: "Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this Act, or where any mash, still or other property designed for the illegal manufacture of liquor is kept, and all intoxicating liquor, mash, still or other property kept and used in maintaining the same, is hereby declared to be a common nuisance; a single unlawful sale or barter, or a single act of manufacturing liquor unlawfully shall constitute a nuisance as herein defined." And section 38, par. 39, ch. 43, Cahill's Ill. St. provides, among other things: "All cities and villages shall have full power to adopt ordinances embracing such provisions of this Act as are applicable, and further to prohibit the manufacture, giving away, dispensing, selling, bartering, transporting, delivering, furnishing, possessing, keeping, purchasing, storing, advertising or exposing

for sale, of intoxicating liquor for any purpose whatsoever.''

Said statute being general, it is not necessary that the same be referred to in the bill.

The question is also raised by said motion as to whether or not, even though appellees have been guilty of selling intoxicating liquor as charged, appellant would have the right to maintain a bill to enjoin or abate said nuisance or whether they must rely on their remedy at law. The cases already cited clearly disclose that where there is a nuisance, a court of equity has jurisdiction to entertain a bill for the purpose of abating the same.

It must be observed that this is not a bill to enjoin appellees from the sale of intoxicating liquor, but it is a bill to abate a nuisance that is being maintained by appellees in said city, and this character of bill can be maintained in equity. In *People v. Mussatto,* 216 Ill. App. 519, this court in discussing a question of this character, at page 525, says: ''Courts of equity have jurisdiction of proceedings to enjoin the maintenance of a nuisance. Section 38, ch. 43, Hurd's Rev. St. (J. & A. Sec. 4650) [Cahill's Ill. St. ch. 43, ¶ 74(54)], provides that 'all places where intoxicating liquor is sold in violation of any of the provisions of this act shall be taken and held and are declared to be common nuisances and may be abated as such.' A court exercising equitable jurisdiction will not restrain, by injunction, the commission of illegal or immoral acts and will not enjoin one engaged in the sale of liquor from making sales which are punishable by the criminal law. But that is not the object of this proceeding. Its object is to prohibit the use of property for illegal purposes. It is the keeping of a place which our statute has determined to be dangerous to the health, morals, safety and welfare of the public.''

We therefore hold that the court erred in dissolving said temporary injunction and in dismissing said bill

for want of equity. The cause is reversed and re-manded with directions to the trial court to make the temporary injunction issued by it permanent, until bond be given as provided in said ordinance.

*Reversed and remanded with directions.*