## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2020, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT *PRO SE* | ATTORNEY FOR APPELLEE |
|---|---|
| Marcius Strawhorn<br>Hillsboro, Indiana | Stuart K Weliever<br>Henthorn, Harris, Weliever & Petrie<br>Crawfordsville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marcius Strawhorn and HSD of Central Indiana, LLC,<br><br>*Appellants-Petitioners,*<br><br>v.<br><br>Town of Hillsboro, Indiana,<br><br>*Appellee-Respondent.* | April 20, 2020<br><br>Court of Appeals Case No. 19A-MI-893<br><br>Appeal from the Fountain Circuit Court<br><br>The Hon. Stephanie S. Campbell, Judge<br><br>Trial Court Cause No. 23C01-1812-MI-489 |

**Bradford, Chief Judge.**

# Case Summary

Marcius Strawhorn lives in a house he is purchasing on contract from HSD of Central Indiana, LLC[1] ("the Property"), in Hillsboro ("the Town"). On September 15, 2018, the Town issued Strawhorn a citation pursuant to Town Ordinance 2017-04 ("the Nuisance Ordinance"), identifying overgrowth, multiple unplated vehicles, and trash on the Property. Following a hearing, the trial court found Strawhorn and HSD to be in violation of the Nuisance Ordinance, imposed a fine retroactive to the date of the citation, ordered that they pay the Town's attorney's fees, and authorized the Town to take measures to abate the nuisance at Strawhorn's and HSD's cost. Strawhorn contends that the Town failed to establish that he violated the Nuisance Ordinance and that the Nuisance Ordinance was unfairly enforced against him because it was not enforced against other properties that were allegedly worse. Because we disagree, we affirm.

# Facts and Procedural History

As of mid-September of 2018, the Property was overgrown with shrubs and weeds and had two vehicles and "a lot of trash" in the driveway, which trash consisted of car parts, broken toys, bicycles, and similar items. Tr. Vol. II p. 6. There were also four vehicles behind the structure, hidden by weeds, which were not plated and had been there more than thirty days. The Town received

---

[1] HSD does not participate in this appeal.

a complaint regarding the Property, and, on September 15, 2018, Deputy Town Marshal James Clark delivered a "Notice to Abate a Nuisance" ("the Notice") to the Property at the direction of the Town Council. Ex. 1. The Notice indicated that the Property represented a public nuisance due to tall grass, trash, vehicles, and overgrown trees and shrubs.

[3] On October 12, 2018, the Town's attorney sent a letter to Strawhorn notifying him that he had not yet abated the nuisance on the Property and that the Town reserved the right to pursue any and all legal remedies available to it if the nuisance was not abated on or before October 29, 2018. On November 14, 2018, the Town's attorney sent a letter to Gary Hamand, one of the members of HSD, informing him that the Town intended to commence litigation if the nuisance on the Property was not abated. On December 20, 2018, the Town petitioned for the abatement and injunction of the nuisance on the Property ("the Petition").

[4] On February 21, 2019, the trial court held a hearing on the Petition. Deputy Clark testified that he had driven by the Property on the morning of the hearing and that there were still vehicles on it which had not been moved in a considerable amount of time and were neither plated nor operational. Town Council member Edward Moyer testified that he had visited the Property on February 19, 2019, and had taken several photographs and that it still contained trash and vehicles and was "an eyesore to the community[.]" Tr. Vol. II p. 14. The photographs taken by Moyer showed multiple broken bicycles in the driveway along with other trash and multiple vehicles in the driveway and

backyard. Moyer indicated that the vehicles in the backyard were visible from public property and that the Town Council believed the Property, in its current state, to be a danger to public health and safety; potentially injurious to public health; offensive to the senses; and an obstruction to the free use of other property in the area. Strawhorn acknowledged that there were still three unplated vehicles in the Property's driveway which had not moved in the previous thirty days.

[5] On March 17, 2019, the trial court granted the Petition, ordering that (1) HSD and Strawhorn be assessed a fifty-dollar-per-day fine dating to September 15, 2018, for a then-total of $7900.00; (2) HSD and Strawhorn pay $1000.00 in attorney's fees to the Town's law firm; and (3) the Town was authorized to take any and all actions necessary to abate the nuisance, with the costs to be assessed to HSD and Strawhorn.

# Discussion and Decision

[6] As an initial matter, the Town suggests in a footnote that Strawhorn's appeal should be dismissed as untimely filed. Strawhorn insists that his notice of appeal was, in fact, timely filed. While it appears possible that Strawhorn's notice of appeal was untimely filed, we choose to disregard any procedural anomaly and reach the merits of his appeal.

> Indiana's rules and precedent give reviewing courts authority "to deviate from the exact strictures" of the appellate rules when justice requires. *In re Howell*, 9 N.E.3d 145, 145 (Ind. 2014). "Although our procedural rules are extremely important … they are merely a means for achieving the ultimate end of orderly and

speedy justice." *American States Ins. Co. v. State ex rel. Jennings*, 258 Ind. 637, 640, 283 N.E.2d 529, 531 (1972). *See also* App. R. 1 ("The Court may, upon the motion of a party or the Court's own motion, permit deviation from these Rules."). This discretionary authority over the appellate rules allows us to achieve our preference for "decid[ing] cases on their merits rather than dismissing them on procedural grounds." *Adoption of O.R.*, 16 N.E.3d at 972 (citation omitted). *See also In re Adoption of T.L.*, 4 N.E.3d 658, 661 n.2 (Ind. 2014) (considering merits after denying appellees' motion to dismiss based on procedural defect)[.]

*In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 579 (Ind. 2017). So, given our oft-stated preference to decide cases on the merits and in the interest of avoiding probable additional litigation in this case, we decline the Town's invitation to dismiss Strawhorn's appeal.

[7] That said, where, as here, the trial court *sua sponte* enters specific findings of fact and conclusions, we review its findings and conclusions to determine whether the evidence supports the findings, and whether the findings support the judgment. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005). We will set aside the trial court's findings and conclusions only if they are clearly erroneous. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake had been made. *Id.* We neither reweigh the evidence nor assess the witnesses' credibility, and we consider only the evidence most favorable to the judgment. *Id.* Moreover, findings made *sua sponte* control only the issues that they cover, while a general judgment will control the issues about which there are no findings. *Id.* "A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence." *Id.*

[8] It is well-established under Indiana law that a municipality has the inherent power to protect the comfort, health, convenience, good order, and general welfare of its inhabitants. *See, e.g.*, *Crawfordsville v. Braden*, 130 Ind 149, 28 N.E. 849, 851 (Ind. 1891). Moreover, a municipality may bring a civil action if a person violates an ordinance regulating or prohibiting a condition or use of property. Ind. Code § 36-1-6-4(a).

[9] Indiana Code section 32-30-6-6 defines a nuisance as follows:

> Whatever is:
>   1. injurious to health;
>   2. indecent;
>   3. offensive to the senses; or
>   4. an obstruction to the free use of property;
>
> so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action.

Indiana Code section 32-30-6-7(b) further authorizes an action to abate or enjoin a nuisance to be brought by an attorney of any city or town in which a nuisance exists. The Town adopted the Nuisance Ordinance in December of 2017, to protect the health, safety, welfare and property values of Hillsboro residents and property. Appellee's App. Vol. II. pp. 13-31. The Nuisance Ordinance and Indiana Code section 32-30-6-6 form the basis for the Petition.

[10] Generally, it is in the purview of the trial court to determine whether, under all of the facts and circumstances, the conditions constitute a nuisance within the provisions of the statute. *Davoust v. Mitchell*, 146 Ind. App. 536, 541, 27 N.E.2d 332, 335 (1970). In determining if nuisance conditions exist, the relevant

inquiry is whether the thing complained of produces a condition as in the judgment of reasonable persons is naturally productive of actual physical discomfort to persons of ordinary sensibility, tastes, and habits. *Wendt v. Kerkhof*, 594 N.E.2d 795, 797 (Ind. Ct. App. 1992), *trans. denied*.

# I. Whether the Trial Court's Judgment is Supported by Sufficient Evidence

## A. Public or Private Nuisance

[11] Strawhorn contends that the Town established, at most, that he maintained a private nuisance, which he argues is not covered by Indiana Code section 32-30-6-6 or the Nuisance Ordinance. "A public nuisance affects an entire neighborhood or community, while a private nuisance affects only one individual or a determinate number of people." *Scheckel v. NLI, Inc.*, 953 N.E.2d 133, 138 (Ind. Ct. App. 2011). Strawhorn, however, did not make this argument in the trial court and so has waived it for appellate review. It is well-settled that "[f]ailure to raise an issue before the trial court will result in waiver of that issue." *Heaphy v. Ogle*, 896 N.E.2d 551, 555 (Ind. Ct. App. 2008). In any event, Indiana Code section 32-30-6-6 does not draw any distinction between public and private nuisance, and the allegations regarding the condition of the Property easily qualify as affecting the neighborhood or community, if true. Visible overgrowth and the presence of trash and multiple unplated vehicles are not harms that are limited to one individual or a determinate number of persons when they can be seen by anybody passing the Property. *See Miller v. Town of Syracuse*, 168 Ind. 230, 80 N.E. 411, 411 (1907)

("Anything offensive to the sight, smell, or hearing, erected or carried on in or near a public place where the people dwell or pass, or have the right to pass, to their annoyance, is a nuisance at common law.").

## B. Sufficiency of the Evidence

[12] Strawhorn essentially argues that the Town failed to establish that he was in violation of the Nuisance Ordinance because he had abated any nuisance by the time of the hearing. We disagree, concluding that the Town produced sufficient evidence that the conditions on the Property violated the Nuisance Ordinance throughout this proceeding below.

[13] Deputy Clark testified that on September 15, 2018, the condition of the Property was that it was overgrown with weeds and shrubs and there were two cars in the driveway, along with car parts and broken toys and bicycles. Deputy Clark further testified that there were additional cars in the back which were not visible because of weeds. At that time, Strawhorn was issued the Notice, in which he was notified that he was in violation of provisions in the Nuisance Ordinance relating to the trash, overgrown vegetation, and abandoned vehicles Indiana Code section 9-13-2-1 provides, in part, that an abandoned vehicle includes "[a] vehicle that is at least three (3) model years old, is mechanically inoperable, and is left on private property continuously in a location visible from public property for more than 20 days."

[14] Even if the overgrowth and some of the trash had been abated by the time of the hearing on February 21, 2019, Strawhorn himself testified that (1) there were still three vehicles on the Property that were not plated and had not been moved

in the last thirty days and (2) there was still trash in the driveway. Moreover, the vehicles in the backyard were now visible from public property due to the clearing of the overgrowth. The Town admitted photographic evidence of the vehicles and trash that remained on the Property as of February 19, 2019, which trash included several broken bicycles and a large trash container in the driveway. Moyer testified that the conditions at the Property still constituted a danger to public health and safety and were potentially injurious to public health. We conclude that the Town produced evidence sufficient to sustain a finding that Strawhorn was maintaining a nuisance on the Property at all times.

[15] Strawhorn points to evidence that he had plated some of his vehicles and removed some of the trash. Even if this evidence were believed, it fails to account for evidence of other vehicles that had not been plated and trash that was still visible in the driveway as of the final hearing. Strawhorn's argument is an invitation to reweigh the evidence, which we will not do. *See Fowler*, 830 N.E.2d at 102.

## II. Whether Enforcement of the Nuisance Ordinance Violates Strawhorn's Due Process Rights

[16] Strawhorn contends that the enforcement of the Nuisance Ordinance against him violates his constitutional due process rights. Strawhorn's specific arguments seem to be that he has valid reasons for having unplated vehicles and broken bicycles on the Property and that the Nuisance Ordinance is inconsistently enforced, with him being singled out while other properties in the Town are ignored.

[17] Ordinances, like statutes, are presumed to be constitutional. *Gul v. City of Bloomington*, 22 N.E.3d 853, 862 (Ind. Ct. App 2014), *trans. denied*. If reasonably avoidable, we will not attribute unconstitutional intention to the drafters of an ordinance. *Price v. State*, 622 N.E.2d 954, 963 (Ind. 1993). That said, Strawhorn has failed to make a cogent argument to support this claim. Indiana Appellate Rule 46(A)(8) provides, in part, as follows:

> (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

> (b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

[18] Strawhorn cites to the older and current versions of the Nuisance Ordinance but cites to no case or constitutional provision to support this argument or provide us with a standard of review. While we will not develop a constitutional argument on Strawhorn's behalf, we will briefly address his specific claims nonetheless.

[19] Strawhorn maintains that he has legitimate reasons for keeping so many vehicles and broken bicycles on the Property, *i.e.*, he keeps the vehicles in case one of his grandchildren needs one at some point, and one of those

grandchildren enjoys tinkering with the bicycles. The reasons he cites have no evidentiary support in the record, however, and, even if they did, Strawhorn does not explain why the trial court would have been obligated to credit them. Strawhorn also contends that the Nuisance Ordinance is being unfairly enforced against him while the Town is ignoring worse transgressors. Deputy Clark testified, however, that the Town had issued similar citations to other properties. When questioned by Strawhorn about a property "at the corner of Cherry and Park" that was allegedly "nothing but weeds and trees[,]" Deputy Clark did acknowledge that he had never issued a citation to it. Tr. Vol. II p. 8. That said, even if we assume that Strawhorn's questioning paints an accurate picture of the condition of that property, there is no indication that it held anything like the multiple unplated vehicles and trash observed on the Property. Because Strawhorn's arguments are supported by neither the law nor the facts, he has failed to establish that the Town's enforcement of the Nuisance Ordinance against him violated his due process rights.

[20] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.