THE STATE, BY THE CITY OF CEDAR RAPIDS, v. HOLCOMB.

1. **Cities:** PROHIBITION OF HOG-PENS. A regulation adopted by the board of health, and enforced by an ordinance providing a penalty for its violation, prohibiting hog-pens, except for purposes of commerce, in a city of 15,000 inhabitants, cannot be said to be void for unreasonableness, even though it thereunder becomes a misdemeanor to keep in such a city a clean and inoffensive pen with only one hog therein.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 17.

THIS cause was submitted to the district court upon an agreed statement of facts. Judgment for the plaintiff, and the defendant appeals.

*E. A. Holcomb,* for appellant.

*A. R. West,* for the State.

SEEVERS, J.—The agreed facts are that the city of Cedar Rapids is a corporation organized under a special charter, and has a population of about 15,000; that the mayor and aldermen appointed a board of health, as provided in chapter 168 of the Acts of the Nineteenth General Assembly, and said board of health adopted and published according to law the following rule or regulation: "There shall not be kept or maintained, within the corporate limits of the city of Cedar Rapids, any hog-pen, or inclosure wherein swine are kept and fed by the owner, lessee or occupant of any property therein, save and except such pens as may be used for the purposes of commence only; and all such pens used for purposes of commerce shall be kept clean, and the owner, lessee or manager thereof shall see that the same do not become nuisances in any respect." The city duly enacted an ordinance providing that any person who should knowingly violate or fail to comply with any rule or regulation of the board of health should be deemed guilty of a misdemeanor, and punished as provided in the ordinance. The defendant maintained, in the corporate limits, a pen in which was kept one hog, not for the purposes of commerce. Such pen was kept clean, and was not a nuisance by reason of filth therein, but was a nuisance, if at all, because of the rule or regulation of the board of health. These facts were agreed upon for the purpose of enabling the district court to determine whether the regulation of the board of health is valid, and the question to be determined is whether such board has the power and authority to adopt such order or regulation, and whether the same can be enforced by ordinance. It is not insisted that the statute authorizing the city to create the board of health is unconstitutional; and, as the parties have agreed that the only question to be determined is whether the board of health had the power and authority to establish the rule or regulation it did, it is immaterial whether the pen as kept was in fact a nuisance. The board had the authority to establish such reasonable rules and regulations as in its opinion would preserve the health of the the inhabitants of the city.

The only question, therefore, is whether the regulation is reasonable. It is said that while " ordinances which unnecessarily restrain trade, or operate oppressively upon individuals, will not be sustained, yet such as are reasonably calculated to preserve the public health are valid, although they may abridge individual liberty, and individual rights, in respect to property. 1 Dill. Mun. Cor., § 320. In *Com. v. Patch*, 97 Mass., 221, it was held that a similar regulation was reasonable and valid. The facts in that case were precisely like the facts in this, except that the number of inhabitants in the city of Springfield does not appear. It was presumed, because the evidence was not before the court, that the regulation and ordinance operated upon the most thickly settled part of the city. We must assume that the pen in question was situated in a populous part of the city of Cedar Rapids; for the question to be determined is one of power and authority. The question, therefore, is whether the regulation is valid when applied to cities containing 15,000 inhabitants. In our opinion the ordinance is not unreasonable, and cannot be said to be invalid when applied to such cities. Before an ordinance or regulation of a board of health can be said to be unreasonable, it should clearly so appear. The question should not remain doubtful, and the exercise of the discretion necessarily reposed in the officers and boards of cities making regulations for the preservation of the health of the inhabitants cannot be declared invalid unless it clearly so appears. A legal restraint may be imposed on the few for the benefit of the many. We conclude that the regulation and ordinance cannot, as a matter of law, be said to be unreasonable.

AFFIRMED.