LEIGHTON SUPPLY COMPANY, Appellant, v. CITY COUNCIL OF FORT DODGE et al., Appellees.

No. 45210.

JUNE 18, 1940.

REHEARING DENIED SEPTEMBER 27, 1940.

Breen & Breen, for appellant.

Mitchell & Loth and Price, Rider & Keefe, for appellees.

STIGER, J.—The water supply of the city of Fort Dodge comes from deep wells and is heavily charged with iron, hydrogen sulphide, lime and magnesium. The city constructed an iron removal plant at the waterworks station which eliminated the hydrogen sulphide and much of the iron. Because of the lime and magnesium content of the water it is "thirty grain water, nearly six hundred parts per million." Water having this amount of lime and magnesium is excessively hard, it appearing that it is desirable to soften over ten grain water. About 20 percent of the water consumed in Fort Dodge is used for purposes that require it to be softened. The cost of the equipment necessary to soften all of the water used in the city is about $50,000 and the estimated annual operating charge is $25,000. Because of the cost of a central softener at the plant, which was considered prohibitive, and the fact that 80 percent of the water was used for purposes that did not require it to be softened, the council decided to purchase individual water softeners and install them on application. The price of each softener is $19.65.

To provide a method of furnishing water that was not excessively hard, the city council adopted ordinance No. 869 which provides that, on application of a customer, the city will install the softener at the residence or place of business of the applicant who is required to pay $5.00 to cover the cost of installation by the water department, a rental charge of 50 cents a month and a maintenance charge of 50 cents for each regeneration of the softener.

Neither the right of plaintiff to bring the action nor the question of necessary defendants is raised.

Plaintiff, a taxpayer, alleged it is in the business of selling water softeners at wholesale; that under ordinance No. 869 the city will engage in business contrary to law, beyond the scope of its authority, and in unfair competition with plaintiff; that the ordinance is null and void.

The trial court held the city had authority to purchase the softeners and that the ordinance was valid (1) under the express powers granted the city under Code section 6127 and (2) under the powers fairly implied from the express powers granted the city under said statute. We agree with the trial court.

I. Code section 6127 authorizes cities and towns to purchase, establish, erect, maintain and operate, within or without the corporate limits, waterworks with all necessary filters, apparatus and other requisites of said works or plants, and lease or sell the same. The individual water softener which the city proposes to purchase is a tank containing 80 pounds of zeolite which is described in the record as follows:

"This zeolite is contained in the tank, the water is admitted to one end of the tank and passes through the zeolite, which has the peculiarity of exchanging the sodium in the zeolite for the lime and magnesium in the water. When the water comes out the other end it supposedly comes out as zero water though containing sodium, which is not undesirable at all."

The obvious purpose of the grant of express authority to the city by section 6127 to purchase filters is to aid the city in the performance of its duty to furnish water to its citizens of the quality and purity necessary to the various uses made of the water. The water softener is clearly a filter within the purview of section 6127. Plaintiff states that, conceding the softener is a filter, section 6127 provides that a city may purchase waterworks plants with all necessary filters, apparatus and other requisites "of said works or plants." Its contention is that though the city may have authority to in-

stall a softener at the central plant and soften all the water distributed to consumers, the proposed individual water softener is not a filter or apparatus of the plant, but is a part of the individual consumer's water system and is no part of the city waterworks system.

We cannot accept this proposition. The city will be the owner of the filters and will have the right under the ordinance to remove them from the premises of consumers upon the violation of provisions of the ordinance or upon the discontinuance by the city of its water softening service. Installation and maintenance of the filter are under the supervision of the city water department. The application is a request to the city to furnish soft water to the applicant. It is a service performed by the city in its business of furnishing water of the necessary quality to its citizens. The fact that a filter is attached to the water pipe of a consumer does not make it the private filtering plant of the consumer and a part of his individual water system. The individual filter is, under the circumstances disclosed, a sensible substitute for a central filter and is a part of the city waterworks plant.

II. As a corollary of the claim of plaintiff that the filter is a part of the individual consumer's water system, it contends that the installation of the filter on the premises of the consumer on a rental basis violates the rule that a city cannot engage in a private, competitive business. Plaintiff states that section 6127 does not expressly or impliedly authorize the city to furnish and install softeners to the inhabitants of the city in competition with private enterprise; that the ordinance permits the city to unlawfully compete with private enterprise in a matter not connected with the public interest.

Plaintiff states in its argument that if the decree of the trial court is sustained a city may engage in the business of renting or selling merchandise such as bathtubs, lawn sprinklers and washing machines, and, as section 6127 also authorizes a city to operate electric or power plants, it may sell electrical appliances such as electric fans, heaters, etc. It cites cases holding that a city may not engage in an independent busi-

ness, and may not engage in the retail business of selling merchandise or appliances to be used in the consumption of water or electricity under a statute authorizing a city to manufacture, produce and distribute water or electricity for the use of its inhabitants. The cited cases are not applicable to the instant case.

We are of the opinion that plaintiff, in presenting the above propositions, fails to distinguish between an appliance or apparatus used by the city in supplying or preparing water or electricity for the use of the public as a part of the operation of a waterworks or electric plant and an appliance sold by the city and utilized by the customer in consuming water or electricity after delivery by the city.

The purchase and installation of the individual filters for the purpose of preparing the water for public or domestic use is a part of the process of furnishing water by the city under its statutory proprietary powers, while a water heater or electric fan sold by a city to its customer is utilized in the consuming of water or electricity. Under this record the city of Fort Dodge in buying the filters and supplying them to consumers on a rental basis under the provisions of the ordinance will not engage in a commercial enterprise or independent business in unlawful competition with plaintiff.

In the absence of express authority under section 6127 to purchase filters and use them in connection with the operation of the plant the city would have implied authority and the duty to purify the water under its express power to establish and operate a waterworks plant.

We hold the proposed purchase of the filters and ordinance No. 869 are valid.

■ III. Code section 6131 provides that a waterworks plant shall not be authorized, established or erected unless a majority of the legal electors voting thereon vote in favor of the same. It is conceded in the record that the city of Fort Dodge was granted the power to construct and operate its waterworks plant by legal proceedings held in compliance with the statute. It follows that there is no merit to plaintiff's

assignment that the court erred in dismissing its petition because the question of the purchase of the filters and ordinance No. 869 were not submitted to the electors under the provisions of section 6131.—Affirmed.

HAMILTON, C. J., and MILLER, OLIVER, HALE, SAGER, and BLISS, JJ., concur.