FRED GADE et al., appellants, v. CITY OF WAVERLY and the CITY COUNCIL OF WAVERLY, appellees; FIRST NATIONAL BANK OF WAVERLY, intervenor-appellee.

## No. 49900.

(Reported in 101 N.W.2d 525)

474

MARCH 8, 1960.

Zastrow, Noah & Smith, of Charles City, for appellants.

Sager, Englebrecht & Hemingway, of Waverly, for appellees.

Leslie & Leslie, of Waverly, for intervenor-appellee.

OLIVER, J.—This is a proceeding by electors of the City of Waverly, to invalidate an agreement by the City Council to sell Lot 5 in Block 6, original town of Waverly, which the City owned and operated as a parking lot. Section 368.40, Code of Iowa, 1958, provides, whenever the council of any municipal corporation enters into an agreement for the sale of municipal property, any elector "shall have the right to appeal from the action of the council to the district court, * * * on the ground that such agreement is not in the public interest." In this case, after the electors appealed, the purchaser of the property, First National Bank of Waverly, intervened and joined in resisting the appeal. Trial to the court, which the parties stipulated was

in equity, resulted in judgment dismissing the appeal. Plaintiff-electors have appealed to this court.

Chapter 390, Code of 1958, is entitled "Municipal Parking Lots." Code section 390.6, in said chapter, provides:

"The city or town council shall have the power to sell and dispose of the title or interest of such city or town in any real estate owned or held by it for parking purposes, however acquired or held, in such manner and upon such terms as such council shall direct."

Code chapter 368 is entitled "General Powers of Municipal Corporations." Code section 368.39 is the general statute empowering municipal corporations to dispose of real estate. It provides notice of any proposal to dispose of real property under the provisions of this section shall be given by publication, etc. Assuming the applicability here of this part of the statute, it is sufficient to state the record shows, without dispute, the publication of notice, in the manner and at the times stated in the statute, of a meeting of the council September 3, 1958, to act upon the proposal to dispose of Lot 5 in Block 6.

This lot, marked upon various exhibits as tract "A", is immediately to the rear of intervenor-bank. About April 1958 the bank offered to buy this lot from the city for $42,500, for use as a parking lot for its patrons and possibly for future drive-in banking facilities. At that time the City Council was seeking additional parking area in the vicinity and was considering the purchase of Lots 5 and 6 in Block 5. These two lots are referred to in this record as tract "B". The area of tract "B" is double that of tract "A". Block 5 is immediately east of Block 6 and tracts "A" and "B" are in the business district and are both one-half block south of Bremer Avenue, the main retail and business street of the City. That both tracts are well located for municipal parking lots is shown without substantial dispute.

There was no evidence the value of Lot "A" was more than the sale price of $42,500. Tract "B" was offered to the City for $65,000 with $5000 additional expense for the removal of a building thereon. Cash on hand in the City parking meter fund added to the $42,500 from the sale of "A" would enable the City to purchase "B" without incurring any debt. This

plan to increase the parking area in the district was considered at various meetings of the City Council commencing with April 1958, and at the public meeting held September 3, 1958, at which it was adopted by the City Council. The contracts to sell "A" and purchase "B" were executed September 4, 1958.

I. Appellants contend Code section 368.40 limits the powers to dispose of parking lots granted municipal corporations by section 390.6. They assert the provision of section 368.40 giving an elector the right of appeal, on the ground that such agreement is not in the public interest, "constitutes a new limitation upon municipal powers" and requires courts to examine 'the merits of such proposed conveyance and to decide whether or not it is in the public interest.

■ This is not a correct interpretation of the statute. One reason is such interpretation would require courts to examine into the merits of the proposed conveyance and determine whether it was desirable (advisable) from the standpoint of the municipality. The power to make such determination is lodged in the Legislative branch of the Government and may not be delegated to constitutional courts, by statute. Article III, section 1 of the Constitution of Iowa, which provides for the distribution of powers between the Legislative, Executive and Judicial Departments of the State, expressly forbids the exercise by one department of the functions appertaining to either of the others. In re Proposed Community School District of Malvern, etc., 250 Iowa 1240, 98 N.W.2d 737, involved a statute providing for appeal to a court of record of the order of a county board establishing the boundaries of a school district. There, as here, appellants complained of the failure of the board to exercise good judgment in performing its official act and prayed relief by the court. The court held that to construe the statute as authorizing the court to substitute its judgment for that of the board, as to the wisdom and practicability of the official act of the board, would render the statute unconstitutional.

■ In the language of State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 436, 57 N.W.2d 63, 70: "What is desirable is not a question of fact that can be judicially deter-

mined. It is a question of policy or public interest exercisable by the legislature alone."

In Denny v. Des Moines County, 143 Iowa 466, 473, 474, 121 N.W. 1066, 1069, the action of a drainage board in determining the wisdom or practicability of a proposed drainage scheme was held the exercise of a legislative function and therefore not reviewable in the courts.

■ II. Code section 368.39 is in chapter 368 entitled "General Powers of Municipal Corporations" and is a general statute empowering municipalities to dispose of real estate. Section 368.40 immediately follows section 368.39 and was a part of the same enactment. Section 390.6 is in a. different chapter, entitled "Municipal Parking Lots", and is a special statute which empowers municipalities to dispose of real estate held for parking purposes.

■ It is well settled that where a general statute, if standing alone, would include the same matter as a special statute and thus conflict with it, the special statute will be considered an exception to the general statute whether it was adopted before or after such general statute. Warren v. Iowa State Highway Comm., 250 Iowa 473, 479, 93 N.W.2d 60, 64, and citations; Shelby County Myrtue Memorial Hospital v. Harrison County, 249 Iowa 146, 152, 153, 86 N.W.2d 104, and citations. Therefore, section 368.40, the general statute, should not be interpreted as limiting the power granted by section 390.6, the special statute.

III. Appellants cite Gritton v. City of Des Moines, 247 Iowa 326, 73 N.W.2d 813. That was a suit to enjoin the conveyance by the city of land owned by it, to a private charitable foundation, for the erection of a building to house a community chest and foundation, for a consideration of $\frac{1}{32}$ of its admitted value. The court there pointed to the general rule that a municipality has no power to expend its property or money for other than corporate purposes and that a sale of its property for a grossly inadequate price would be, in effect, a gift of public funds. Hence, the court held, primarily, that the City was without legislative authority to make the proposed conveyance; and also, that the agreement to sell was "not in the public interest" because its effect was to assess city taxpayers

for the benefit of a private corporation engaged in nonmunicipal functions. These holdings were clearly correct. But the agreement by the city, however well intentioned it may have been, was actually fraudulent and illegal and the constitutional power of the court to set it aside was not questionable. Hence, that question was not presented in the Gritton case.

IV. The contract provided the City should convey the lot to the bank by warranty deed. Appellants argue the City is not empowered to so convey real estate. This would not furnish appellants grounds to invalidate the transaction. Harrison v. Palo Alto County, 104 Iowa 383, 73 N.W. 872. In any event the purchaser has agreed to accept another form of deed.—Affirmed.

All JUSTICES concur.