C. L. WILSON et al., for themselves and representing other
resident taxpayers and users of the public water
supply of City of Council Bluffs, appellees,
v. CITY OF COUNCIL BLUFFS, appellant.

No. 50306.

S<small>EPTEMBER</small> 19, 1961.

R<small>EHEARING</small> D<small>ENIED</small> N<small>OVEMBER</small> 14, 1961.

David E. Stuart, City Attorney, and John M. Peters, Assistant City Attorney, both of Council Bluffs, for appellant.

Richard C. Turner, of Council Bluffs, for appellees.

H<small>AYS</small>, J.—This is a class action wherein plaintiffs, as residents and taxpayers of the City of Council Bluffs, Iowa, seek to enjoin the enforcement by said City of an ordinance, known in the record as Ordinance No. 3575, providing for fluoridation of water furnished to residents of said City through its municipal waterworks. Such relief was granted by the trial court.

Ordinance No. 3575, after setting forth at some length a list of national, state and local medical, dental and health associations and boards which have endorsed the use of fluorides in water as a health measure, provides: Section I. "That fluoride

shall be introduced into the public water supplies of the City of Council Bluffs, Iowa, in such concentration as is recommended by the Iowa State Department of Health; provided, however, that fluoridation equipment and the installation and operation thereof shall at all times be subject to the inspection, rules, regulations and direction of said Department of Health. * * *."

A pretrial stipulation provided: (1) No issue is raised as to plaintiff's authority to maintain the action. (2) It is conceded that the fluoride to be added to the water will not purify the water or make it more potable and that it is not being added for that purpose. (3) No issue is raised as to whether or not the City council was duly advised upon the question of whether or not the adding of fluoride to the water will be beneficial or detrimental to the users. (4) No issue is raised as to whether or not the fluoride will prevent dental caries, or whether or not the City acted arbitrarily or abused its discretion in making its determination in that respect. (5) No claim is made that the fluoride will make the water less potable or less pure. (6) This stipulation permits urging that the addition of fluoride by the City violates chapter 205, Code of 1958. (7) No issue is raised concerning the amount of fluoride the City intends to add to the water or that it exceeds the amount recommended for the purpose of accomplishing the reduction of dental caries.

Under the pleadings and in the light of above mentioned stipulation, but two legal questions were before the trial court for determination: (1) Statutory authority of the City to enact said ordinance; and (2) Violation of chapter 205, Code of 1958. The trial court held the City had no statutory authority, express or implied, to enact the ordinance, but that, assuming such authority, the ordinance did not violate chapter 205. Appellant assigns error in the holding of no authority. Appellees urge in support of the decree, error as to the holding relative to chapter 205, Code of 1958.

I. The law is clear and well established in this state that municipalities have only those powers expressly given them by the legislature, those which arise from fair implication and those necessary to carry out powers expressly or impliedly granted. Also, such grants of power are strictly construed

against the authority claimed, and in case of reasonable doubt must be denied. Dotson v. City of Ames, 251 Iowa 467, 101 N.W.2d 711, and authorities therein cited. The law is equally well established that where a general statute, if standing alone, would include the same matter as a special statute and thus conflict with it, the special statute will be considered an exception to the general statute whether it was adopted before or after the general statute. Gade v. City of Waverly, 251 Iowa 473, 101 N.W.2d 525, and cited authorities.

II. Four sections of the Code appear to be pertinent to the issue of authority to enact the ordinance in question.

Section 366.1, "Municipal corporations shall have power to make and publish, from time to time, ordinances, not inconsistent with the laws of the state, for carrying into effect or discharging the powers and duties conferred by this title, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof, and to enforce obedience to such ordinances by fine not exceeding one hundred dollars, or by imprisonment not exceeding thirty days."

Section 368.2 provides in part: "Cities and towns are bodies politic and corporate * * * and shall have the general powers and privileges granted, and such others as are incidental to municipal corporations * * *, not inconsistent with the statutes of the state, for the protection of their property and inhabitants, and the preservation of peace and good order therein, * * *."

Section 397.1, "Cities and towns may purchase. Cities and towns shall have the power to purchase, establish, erect, maintain, and operate within or without their corporate limits * * * waterworks, * * *, with all the necessary reservoirs, mains, filters, streams, trenches, pipes, drains, poles, wires, burners, machinery, apparatus, and other requisites of said works or plants, and lease or sell the same."

Section 397.26, "Jurisdiction of city. For the purpose of maintaining and protecting such works or plants from injury, and protecting the water of such waterworks from pollution,

166

the jurisdiction of such city or town shall extend over the territory occupied by such works, and all reservoirs, mains, filters, streams * * * and other requisites of said works or plants used in or necessary for the construction, maintenance, and operation of the same, and over the stream or source from which the water is taken for five miles above the point from which it is taken."

III. The trial court held there was nothing in section 397.1 or section 397.26 in any way authorizing fluoridation. We agree. We might also add that nowhere in the briefs and arguments do we find any contention of express authority. The trial court also held, in effect, these two statutes were special ones in relation to water supplies as against the general powers of municipal corporations. We do not agree with this premise. True they are special statutes dealing with one phase of water supplies, but that phase deals entirely with the power of the City to own and operate such a business or utility. It deals only with the physical aspects of such a utility and has nothing to do with the manner in which it is operated or the type, character or ingredients of the product produced and sold other than, perhaps, that it be water. Neither 397.1 nor 397.26 conflicts with 366.1 or 368.2. Such cases as Mason City v. Zerble, 250 Iowa 102, 93 N.W.2d 94; Gade v. City of Waverly, 251 Iowa 473, 101 N.W.2d 525, supra; Shelby County Myrtue Memorial Hospital v. Harrison County, 249 Iowa 146, 86 N.W.2d 104; Leighton Supply Co. v. City Council of Fort Dodge, 228 Iowa 995, 292 N.W. 848, are not in point.

IV. There can be no question under this record and the stipulation but that the City acted in good faith, and, after due deliberation, under its, at least supposed, power in sections 366.1 and 368.2, above set forth. More specifically, the ordinance itself shows it as deemed to be a health measure enacted under that part of section 366.1 which is as follows: "* * * and such as shall seem necessary and proper to provide for the safety, *preserve the health* * * * of * * * the inhabitants thereof * * *." (Italics ours.) It is a "police power" enactment.

"Police power" is a general term containing many ramifications and has never been pinpointed as to its exact meaning.

City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322. No one contends that the matter of the public health is not a proper subject of the police power or that such power has not been specifically delegated to cities and towns coextensive with their corporate limits. Cecil v. Toenjes, 210 Iowa 407, 228 N.W. 874. The trial court recognizes such facts but holds the addition of fluorides to the public water supply is not an authorized attribute thereof. It bases this holding primarily upon the stipulation that the only purpose of adding fluorides is on the theory that it will prevent dental caries in children; and that dental caries is neither a contagious nor an infectious disease.

 The trial court concedes the right of a city to enact health regulations such as are intended to overcome contagious or infectious diseases on the theory that it is for the benefit of the community as a whole rather than those who are actually affected therewith. Jacobson v. Commonwealth of Massachusetts, 197 U. S. 11, 25 S. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765. There is nothing in the cited case prohibitive of "aiding a segment of the whole" rather than "aiding the whole", if the aiding is in fact a health measure, nor have we been cited any such a holding. See City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322. It is clear that the City considered it to be a health measure. Under the stipulation no claim is made that the City acted hastily or arbitrarily in enacting the ordinance, nor is there any issue as to whether it is or is not beneficial or detrimental as a health adjunct. The merits of fluoridation are not in issue, only the authority or the lack of authority in the City to enact such an ordinance. We hold it has such authority, not in specific words but necessarily implied under sections 366.1 and 368.2, Code of 1958. See annotation, 43 A. L. R.2d 453, 459, and authorities therein cited. While appellees argue an invasion of personal liberties guaranteed by the State and Federal Constitutions, no such issue is raised by the pleadings; was not before the trial court and will not be considered here. In re Estate of Lundgren, 250 Iowa 1233, 98 N.W.2d 839.

██ V. Appellees contend in support of the decree that the

court erred in holding that the ordinance was not in violation of chapter 205, Code of 1958, and hence void. This may be done without a cross-appeal. Brandt v. Schucha, 250 Iowa 679, 96 N.W.2d 179.

Chapter 205 deals with the sale and distribution of poisons. Section 205.5 specifically prohibits any person except a licensed pharmacist from selling at retail any of the poisons listed therein. Included in this list is sodium fluoride. It may be assumed that sodium silicofluoride, the ingredient the City proposes to inject into the water, is included in the fluoride prohibition. The record shows that the fluoride concentration of the water, after the injection thereof, is 1.2 to one million p.p.m., which is in accord with the rules and regulations of the State Department of Health of Iowa. It also appears that much of the water in Iowa has, in its natural state, a fluoride concentrate equal to or in excess of that involved here. It is also stipulated that no claim is made that the fluoride will poison the water or that it will make it less pure or potable.

It is clear that the purpose of section 205.5 is to regulate and restrict the retail sale of *poisons as such*. Conceding that the City of Council Bluffs is engaged in the sale at retail of water, the fact that such water may have a concentrate of fluoride of 1.2 to one million p.p.m., either naturally or due to action by the City, cannot under any reasonable theory be held to be a sale at retail of fluoride within the meaning of section 205.5. Nicotine is also included in the prohibition found in said section, yet we doubt that anyone would seriously contend that the sale of a package of cigarettes (we take judicial notice of the fact that cigarettes contain nicotine) was a sale of nicotine within the meaning of such statute. We can see no difference in the sale of water which contains fluoride as set forth in this record. The trial court was clearly correct.

For the reasons above stated the decree of the trial court should be and is reversed and plaintiffs' petition dismissed.— Reversed.

All JUSTICES concur.