William MARCUS, Appellant,

v.

Douglas YOUNG and State of Iowa, Appellees.

No. 94–510.

Supreme Court of Iowa.

Sept. 20, 1995.

Rehearing Denied Oct. 25, 1995.

Davis L. Foster, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Charles S. Lavorato and Christie J. Scase, Assistant Attorneys General, for appellees.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

This case involves the release of plaintiff's student records at the University of Iowa by the legal custodian pursuant to a subpoena. Plaintiff claims he was harmed by the release of his records and asserts an action for damages based on negligence. He claims his negligence action is authorized by statute and administrative rule. Defendants filed a motion for summary judgment on the ground that plaintiff's alleged cause of action is not recognized in law by statute or rule. The district court granted defendants' motion. We affirm.

## I. Factual and Procedural Background

William Marcus, Ph.D., was hired as an expert witness in a products liability case, *Carroll v. Litton Systems, Inc.*, No. B–C–88–253, 1990 WL 312969 (W.D.N.C. Oct. 29, 1990). Marcus was once a medical student at the University of Iowa but was dismissed for poor academic performance. During the course of discovery in the *Carroll* case, the defendant's attorney subpoenaed Marcus' academic and employment records. University of Iowa officials received a federal subpoena and the university's counsel, Julia Mears, reviewed it and decided the university should comply with it.

Prior to producing the records, Mears telephoned Marcus and informed him of the university's intent to comply with the subpoena and asked him if he wished to receive a copy of the documents. Mears subsequently sent Marcus a copy of the records in question. Douglas M. Young, controller and secretary for the university, acting upon the advice of Mears, produced the subpoenaed records. Marcus was subsequently terminated as an expert witness in the *Carroll* case and did not collect his expert witness fee.

In June of 1992, Marcus brought a suit against Young and the State of Iowa arguing the release of his academic records constituted a violation of Iowa Code section 22.7 (1991) and Iowa Administrative Code rule 681–17.13(22) (1988). Prior to trial, Young and the State filed three motions for summary judgment. The district court denied all three motions, but the judge who denied the third motion determined neither of the court's two previous rulings had addressed the issue of whether Iowa Code chapter 22 provides a statutory duty which could give rise to a private negligence action and general tort damages. Therefore, on the court's own motion, it set a date for hearing on the issue. Following the hearing, the trial court determined neither chapter 22 nor rule 681–17.13(22) of the Iowa Administrative Code give rise to a private remedy for a violation of those provisions.

Marcus has appealed the district court's ruling. On appeal, Marcus asserts chapter 22 and rule 681–17.13(22) provide a legal duty to maintain the confidentiality of student records, and individuals may bring private suits for breach of this duty because the legislature's goal in enacting chapter 22 was not only to provide for the availability of public records, but also to protect the confidentiality of certain documents. Marcus also asserts chapter 22 and rule 681–17.13(22) give rise to a private cause of action because (1) legislative intent implies the existence of a private remedy; and (2) a private cause of action is consistent with the underlying purposes of the statute.

## II. Standard and Scope of Review

 When reviewing a trial court grant of a motion for summary judgment, we consider the evidence in the entire record in the light most favorable to the non-movant and determine whether there exists any genuine issue as to any material fact. *Ciha v. Irons,* 509 N.W.2d 492, 493 (Iowa 1993); *West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.,* 503 N.W.2d 596, 598 (Iowa 1993). We will affirm a trial court's grant of a motion for summary judgment if no issue as to any material fact exists such that the moving party is entitled to judgment as a matter of law. *Ciha,* 509

N.W.2d at 493; *West Bend Mut. Ins.*, 503 N.W.2d at 598; *Engstrom v. State*, 461 N.W.2d 309, 313 (Iowa 1990). We review the district court's ruling for errors of law. Iowa R.App. P. 4; *Ciha*, 509 N.W.2d at 493; *Keller v. State*, 475 N.W.2d 174, 179 (Iowa 1991); *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255, 257 (Iowa 1991).

### III. Existence of Legal Duty or Private Cause of Action

■ Iowa Code section 22.7, "Confidential Records," provides in pertinent part:

The following public records shall be kept confidential, unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release such information:

1. Personal information in records regarding a student, prospective student, or former student maintained, created, collected or assembled by or for a school corporation or educational institution maintaining such records.

Marcus asserts Young and the State were negligent in releasing his student records. Negligence is a common-law tort which we define as "conduct that 'falls below the standard established by law for the protection of others against unreasonable risk of harm.'" *Seeman v. Liberty Mut. Ins. Co.*, 322 N.W.2d 35, 37 (Iowa 1982) (quoting Restatement (Second) of Torts § 282 (1965)). The elements of a negligence claim include existence of a duty to conform to a standard of conduct to protect others, failure to conform to that standard, proximate cause, and damages. *Haafke v. Mitchell*, 347 N.W.2d 381, 385 (Iowa 1984) (citing W. Prosser, *Handbook of the Law of Torts* § 30, at 143 (4th ed. 1971)), *overruled on other grounds, Gail v. Clark*, 410 N.W.2d 662, 669 (Iowa 1987). Thus, a standard of care or duty is a necessary element of negligence. *Seeman*, 322 N.W.2d at 37.

■ In order for a negligence claim to lie for violation of a statutory duty, such provision must be made, either explicitly or implicitly, by the statute. *Id.* at 37–38. In the absence of such a provision, the violation of a statutory duty does not give rise to a private cause of action. *Id.* at 38.

■ Upon examination of chapter 22 of the Iowa Code and rule 681–17.13(22) of the Iowa Administrative Code, it is clear there is no such provision present explicitly creating a private cause of action for the negligent release of confidential information. Iowa Code ch. 22; Iowa Admin.Code r. 681–17.13(22). The question then becomes whether such a cause of action may be implied from the statute. *Seeman*, 322 N.W.2d at 38. In answering this question, Iowa has adopted a four-factor test established by the United States Supreme Court in *Cort v. Ash*. *Id.* (citing *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)). The test adopted in *Seeman* is as follows:

1. Is the plaintiff a member of the class for whose benefit the statute was enacted?

2. Is there any indication of legislative intent, explicit or implicit, to either create or deny such a remedy?

3. Would allowing such a cause of action be consistent with the underlying purpose of the legislation?

4. Would the private cause of action intrude into an area over which the federal government or a state administrative agency holds exclusive jurisdiction?

*Id.; see also Shidler v. All Am. Life & Fin. Corp.*, 775 F.2d 917, 921–25 (8th Cir.1985); *Bates*, 467 N.W.2d at 259; *Engstrom*, 461 N.W.2d at 313; *Unertl v. Bezanson*, 414 N.W.2d 321, 325 (Iowa 1987).

After applying the four-factor test to this case, the district court held the second and third elements required a finding that no private cause of action exists. On examining the first factor, the court held "it can be persuasively argued that [Marcus] is protected by the statute in light of the special provisions relating to confidentiality." Regarding the fourth factor, the district court held such an action would not intrude into any area over which the federal government or a state agency has exclusive jurisdiction.

■ After close examination, we hold the plaintiff's case does not satisfy the requirements under the second and third ele-

ments and therefore affirm the district court's grant of the defendants' motion for summary judgment on the basis neither Iowa Code chapter 22 nor Iowa Administrative Code rule 681–17.13(22) provide a private remedy.

### IV. Legislative Intent

Lord Coke once remarked

If I am asked a question of common law I should be ashamed if I could not immediately answer it; but if I am asked a question of *statute law* I should be ashamed to answer it without referring to the Statute Book.

1A Norman J. Singer, *Sutherland Statutory Construction* § 28.01 (5th ed. 1993). In order to determine whether Iowa Code chapter 22 or rule 681–17.13(22) provides for an implied private cause of action, we must focus primarily on their texts. *LeMars Mut. Ins. Co. v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981). Rules of statutory construction are to be applied only when the explicit terms of a statute are ambiguous. *Heins v. City of Cedar Rapids*, 231 N.W.2d 16, 18 (Iowa 1975). Precise unambiguous language will be given its plain and rational meaning in light of the subject matter. *Maguire v. Fulton*, 179 N.W.2d 508, 510 (Iowa 1970). Therefore, it is not the province of the court to speculate as to probable legislative intent without regard to the wording used in the statute, and any determination must be based upon what the legislature actually said, rather than what it might or should have said. Iowa R.App. P. 14(f)(13); *State v. Brustkern*, 170 N.W.2d 389, 392 (Iowa 1969).

In examining the statutes at hand, we are to be guided by the maxim "expressio unius est exclusio alterius,"—expression of one thing is the exclusion of another. *State v. Flack*, 251 Iowa 529, 533, 101 N.W.2d 535, 538 (1960); *see also North Iowa Steel Co. v. Staley*, 253 Iowa 355, 357, 112 N.W.2d 364, 365 (1961); *Dotson v. City of Ames*, 251 Iowa 467, 472, 101 N.W.2d 711, 714 (1960). This expresses the well-established rules of statutory construction that legislative intent is expressed by omission as well as by inclusion, and the express mention of one thing implies the exclusion of others not so mentioned. *State v. Flack*, 251 Iowa at 533, 101 N.W.2d at 538; *Dotson*, 251 Iowa at 472, 101 N.W.2d at 714; *North Iowa Steel*, 253 Iowa at 357, 112 N.W.2d at 365. In addition, in our search for legislative intent, we are to be guided by what the legislature actually said, rather than what it should or could have said. *State v. Hatter*, 414 N.W.2d 333, 337 (Iowa 1987); *State v. Peterson*, 347 N.W.2d 398, 402 (Iowa 1984). We cannot, under the guise of construction, enlarge or otherwise change the terms of a statute as the legislature adopted it. *Lucina v. Maxwell*, 501 N.W.2d 531, 533 (Iowa 1993); *State v. Jones*, 464 N.W.2d 241, 242 (Iowa 1990); *State v. Vietor*, 208 N.W.2d 894, 898 (Iowa 1973), *overruled on other grounds, State v. Monroe*, 236 N.W.2d 24, 33 (Iowa 1975).

Keeping these rules in mind, we then must examine the statute itself. Iowa Code chapter 22 provides a number of remedies for its violation. For instance, section 22.8 provides for district court ordered injunctions to restrain the copying or examination of specified public records upon a finding that such examination would "substantially and irreparably injure any person" and that examination would not be in the public interest. Iowa Code § 22.8(1). The section further provides actions for injunctions may be initiated by the lawful custodian of a government record, another government body, or a person adversely affected by the examination or copying. *Id.* § 22.8(4). The chapter further provides all rights under the chapter may be enforced by mandamus or injunction, "whether or not any other remedy is available," or by an action for judicial review under the Iowa Administrative Procedure Act if the records concerned are held by a state agency. *Id.* § 22.5. The Act then provides knowing or attempted violations of rights under the Act result in a simple misdemeanor. *Id.* § 22.6.

The pertinent rules of the Administrative Code do not specifically set out a remedy for violation, however, the rules make reference several times to Iowa Code chapter 22. Therefore, it would be logical to assume the remedies of chapter 22 were contemplated. *See* Iowa Admin.Code r. 681–17.13(22)(d), (m).

Clearly, the plaintiff in this case would qualify as a person adversely affected by dissemination of the records at issue. He could have requested an injunction to prevent release of the records as provided under section 22.8. Iowa Code § 22.8. Plaintiff even concedes this point in his brief. Although plaintiff may claim the language of section 22.5 referring to "whether any other remedy is available" is broad enough to encompass a private cause of action, we do not believe it is. In *Unertl v. Bezanson*, a similar case, we held that Iowa Code section 536A.6 and Iowa Administrative Code rule 130–1.28(5) did not create a private remedy. *Unertl*, 414 N.W.2d at 326. In this case, we stated, "[Iowa Code section 536A] is devoid of any suggestion of a private remedy. We believe that, had the legislature intended to create a private right of action ... it would have said so clearly." *Id.*

Even if chapter 22 of the Iowa Code and Administrative Code rule 681–17.13(22) are read as a whole, giving all language its plain and logical meaning, a private remedy for their violation is not expressly provided. It is also readily apparent neither statute implicitly provides for a private remedy. For this reason, the second prong of the *Seeman* analysis has not been satisfied.

## V. Purpose of the Statute

■ The third requirement under the *Seeman* analysis is that the private cause of action be consistent with the underlying purpose of the statute. *Seeman*, 322 N.W.2d at 38. Section 22.8, the provision for injunctions, expressly states in actions under this section a court is to consider "the policy of this chapter that free and open examination of public records is generally in the public interest even though such examination may cause inconvenience or embarrassment to public officials *or others*." Iowa Code § 22.8(3) (emphasis added). Our law construing the act has been entirely consistent with this purpose of an emphasis on disclosure of records rather than nondisclosure. We have held the legislature's purpose in enacting Iowa's open records law was to "open the doors of government to public scrutiny—to prevent government from se-

creting its decision-making activities from the public, on whose behalf it is its duty to act." *Iowa Civil Rights Comm'n v. City of Des Moines*, 313 N.W.2d 491, 495 (Iowa 1981); *see also U.S. West Communications, Inc. v. Office of Consumer Advocate*, 498 N.W.2d 711, 713 (Iowa 1993). In light of this purpose of encouraging disclosure, it would be counterproductive to allow a private cause of action based on mistaken or negligent dissemination of confidential information. To do so would not encourage disclosure but would hinder it and counteract the primary purpose for which the statute was passed.

■ Arguably, by enacting the confidentiality provisions of section 22.7, the legislature has expressed another purpose as well, that being to protect such information from disclosure. Iowa Code § 22.7. But even in light of this purpose, an implied private cause of action would not be necessary, as the injunction procedure set forth in section 22.8 would provide a remedy in these cases. *Id.* § 22.8. Should the legislature have wished to provide an additional private remedy as well, it could have explicitly done so.

## VI. Conclusion

The statute at issue in this case does not explicitly provide for a private cause of action on the basis of its violation. Although the plaintiff has satisfied two elements of the *Seeman* test for determining whether an implied cause of action will in fact lie, he has not shown the legislature intended to create an implied cause of action or that such a remedy would be consistent with the underlying purposes of the statute. For these reasons, we affirm the trial court's grant of summary judgment in favor of the defendants.

**AFFIRMED.**