# IN THE SUPREME COURT OF IOWA

No. 64 / 06-0035

Filed September 14, 2007

**MARTHA J. STARK, REBECCA J. LODGE,** and **TERRY J. STARK,**

Appellees,

vs.

**ALITA L. STARK,**

Appellant.

Appeal from the Iowa District Court for Washington County, Michael R. Mullins, Judge.

Appellant appeals the district court's ruling permanently enjoining her from disinterring and reinterring her deceased spouse's remains. **REVERSED AND REMANDED.**

Jeffrey L. Powell of Tindal and Kitchen, PLC, Washington, for appellant.

Ann M. Klostermann McCrea of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellees.

**LARSON**, **Justice**.

Alita Stark appeals the district court's order permanently enjoining her from disinterring her deceased spouse's remains for purposes of reburial. On appeal, we reverse the ruling of the district court and remand for dismissal.

### I. Facts and Prior Proceedings.

Joseph Stark died on February 15, 2005, survived by his wife, Alita Stark. Joe had previously been married to Audrey Stark, and they had three children together, the appellees in this lawsuit (referred to collectively as the Stark children). Joe was buried in Hillcrest Cemetery near plots owned by Audrey, his first wife, and the Stark children. In April 2005, Alita decided to move Joe's remains to Evergreen Cemetery, where Joe's parents were buried. Alita submitted an application to the Iowa Department of Public Health, Bureau of Vital Records (DPH), for a permit to disinter Joe's remains, and DPH issued the permit.

The Stark children filed a petition in equity requesting temporary and permanent injunctions enjoining Alita from disinterring Joe's remains. The district court granted an ex parte order for temporary injunction and, after a hearing, permanently enjoined Alita from disinterring Joe's remains. Alita appeals.

### II. Standard of Review.

Matters involving disinterment of human remains are equitable in nature, and as such, our review is de novo. *In re Sybers*, 583 N.W.2d 890, 891 (Iowa 1998); *Life Investors Ins. Co. of Am. v. Heline*, 285 N.W.2d 31, 35-36 (Iowa 1979).

### III. Discussion.

Iowa Code section 144.34 (2005) governs the disinterment of human remains.

Disinterment of a dead body or fetus shall be allowed for the purpose of autopsy or reburial only, and then only if accomplished by a funeral director. A permit for such disinterment and, thereafter, reinterment shall be issued by the state registrar according to rules adopted pursuant to chapter 17A or when ordered by the district court of the county in which such body is buried. The state registrar, without a court order, shall not issue a permit without the consent of the surviving spouse or in case of such spouse's absence, death, or incapacity, the next of kin. Disinterment for the purpose of reburial may be allowed by court order only upon a showing of substantial benefit to the public. Disinterment for the purpose of autopsy or reburial by court order shall be allowed only when reasonable cause is shown that someone is criminally or civilly responsible for such death, after hearing, upon reasonable notice prescribed by the court to the surviving spouse or in the spouse's absence, death, or incapacity, the next of kin. Due consideration shall be given to the public health, the dead, and the feelings of relatives.

Iowa Code § 144.34.

Pursuant to section 144.34, there are two methods by which a person may disinter human remains: (1) by state-issued permit or (2) by court order. Under the first method, the party must file an application to disinter with the state registrar, DPH. Permits for disinterment must be issued in accordance with Iowa Administrative Code Rule 641—101.7, which provides that permits are valid for thirty days after the date of issuance, and copies of the permit must be provided to certain individuals. The only statutory requirements for a state-issued permit are that the surviving spouse or, in the absence of a surviving spouse, the next of kin, consent to the disinterment, and the purpose of the disinterment be for autopsy or reburial. *Id.* Neither section 144.34 nor rule 641—101.7 provides any further specific requirements for issuance of a permit for disinterment.

Under the second method to obtain approval for disinterment, a person may petition the district court for an order allowing disinterment. A court can order disinterment only for purposes of autopsy or reburial

and "only upon a showing of substantial benefit to the public." *Id.* Further, disinterment is only allowed by court order when "reasonable cause is shown that someone is criminally or civilly responsible for such death, after hearing, upon reasonable notice prescribed by the court to the surviving spouse or in the spouse's absence, death, or incapacity, the next of kin." *Id.* Finally, the court must give "[d]ue consideration . . . to the public health, the dead, and the feelings of relatives." *Id.*

In enjoining the disinterment of Joe's remains, the district court concluded that Alita had not met her burden to show a substantial benefit to the public. We do not agree with this interpretation of section 144.34.

Section 144.34 allows anyone to apply to DPH for a permit to disinter. However, the state registrar will only grant such applications with the consent of the surviving spouse or, in the absence of a surviving spouse, the next of kin. When the surviving spouse consents to disinterment, the statute and the administrative rules require nothing further to issue the permit. Thus, the plain language of the statute allows a surviving spouse to disinter a deceased spouse's remains for reburial regardless of the spouse's motives for reburial or the objections of other family members or friends.

The Stark children argue, and the district court agreed, that the statute does not give the surviving spouse an exclusive affirmative right to disinter, but rather gives the surviving spouse a veto power when someone else requests disinterment. We do not agree. It is clear that, when the legislature wanted to limit the ability to disinter, it knew how to do so. The legislature clearly delineated the purposes for which disinterment could be granted (only for reburial or autopsy) and the requirements that must be met for a court-ordered disinterment over the

objection of the surviving spouse. *See* Iowa Code § 144.34. The legislature's lack of specific requirements for a surviving spouse to apply for, and receive, a state-issued permit is evidence, in itself, that the legislature did not intend for a surviving spouse to have to show anything other than that the disinterment is for the purpose of reburial or autopsy. *See Marcus v. Young,* 538 N.W.2d 285, 289 (Iowa 1995) ("This expresses the well-established rules of statutory construction that legislative intent is expressed by omission as well as by inclusion, and the express mention of one thing implies the exclusion of others not so mentioned." (Citations omitted.)).

The district court did not have authority to override a state permit validly issued with the consent of the surviving spouse. As noted, section 144.34 provides two distinct methods by which disinterment may be allowed—a state-issued permit and court order. Neither section 144.34 nor rule 641—101.7 provides the court with the authority to review, in an injunction action, state-issued permits when those permits are validly issued with the consent of the surviving spouse. Any remedy in such a case must be through judicial review proceedings. Accordingly, we conclude that the district court erred in enjoining a surviving spouse from disinterring and reinterring her deceased spouse's remains pursuant to a state-issued permit. We reverse and remand for dismissal of the petition.

**REVERSED AND REMANDED.**