# IN THE COURT OF APPEALS OF IOWA

No. 16-0748
Filed December 21, 2016

**AMANDA MALEK,**
　　　　Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Defendant-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

　　　　Amanda Malek appeals from the district court's summary judgement ruling in favor of the State on her tort claim. **AFFIRMED.**

　　　　Jesse A. Macro Jr. of Macro & Kozlowski, L.L.P., West Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.

　　　　Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

Amanda Malek appeals from the district court's summary judgement ruling in favor of the State on her tort claim for monetary damages based on the prison authorities' alleged negligent failure to include probation credits in the calculation of her minimum parole date.

"We review a ruling granting a motion for summary judgment for correction of errors at law." *Kolbe v. State*, 625 N.W.2d 721, 725 (Iowa 2001).

The district court granted summary judgment on the grounds Iowa Code section 903A.5 (2011) does not create a private cause of action for relief. Iowa Code section 903A.5(1) provides:

> An inmate shall not be discharged from the custody of the director of the Iowa department of corrections until the inmate has served the full term for which the inmate was sentenced, less earned time and other credits earned and not forfeited, unless the inmate is pardoned or otherwise legally released. Earned time accrued and not forfeited *shall apply to reduce a mandatory minimum sentence* being served pursuant to section 124.406, 124.413, 902.7, 902.8, 902.8A, or 902.11. An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution. If an inmate was confined to a county jail, municipal holding facility, or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, *the inmate shall be given credit for the days already served upon the term of the sentence*. However, if a person commits any offense while confined in a county jail, municipal holding facility, or other correctional or mental health facility, the person shall not be granted credit for that offense. Unless the inmate was confined in a correctional facility, the sheriff of the county in which the inmate was confined or the officer in charge of the municipal holding facility in which the inmate was confined shall certify to the clerk of the district court from which the inmate was sentenced and to the department of corrections' records administrator at the Iowa medical and classification center the number of days so served. The department of corrections' records administrator, or the administrator's designee, *shall apply*

*credit as ordered by the court of proper jurisdiction or as authorized by this section and section 907.3, subsection 3.*[1]

(Emphasis added.)

To prove a negligence claim, one must establish (1) the State owed her a duty; (2) the State breached or violated that duty; (3) this breach or violation was a proximate cause of her injuries; and (4) damages. *See Kolbe*, 625 N.W.2d at 725. On appeal, Malek maintains her action is simply one of negligence based upon a statutory duty of the department of corrections. She contends section 903A.5(1) creates a duty and the State's negligent failure to apply credit as required caused her damages, for which she seeks a monetary award.

"When determining the existence of a duty, we are guided by 'legislative enactments, prior judicial decisions, and general legal principles.'" *Id.* (citation omitted). Malek asserts, "A prisoner should have a remedy against the

---

[1] Malek's claim relies upon the holding in *Anderson v. State*, 801 N.W.2d 1, 5 (Iowa 2011) (stating "when sections 907.3(3) and 901B.1 are read together, a defendant is entitled to sentencing credit 'for such time served' while [on probation and] . . . committed to the [Department of Correctional Services] and placed in level two or greater sanctions under section 901B.1"). However, after the *Anderson* decision, the Iowa legislature amended section 907.3(3), unnumbered paragraph one to prohibit credit when probation is revoked. *See* 2012 Iowa Acts ch. 1138, § 91.
The amended paragraph reads:

> By record entry at the time of or after sentencing, the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require including commitment to an alternate jail facility or a community correctional residential treatment facility to be followed by a period of probation as specified in section 907.7, or commitment of the defendant to the judicial district department of correctional services for supervision or services under section 901B.1 at the level of sanctions which the district department determines to be appropriate and the payment of fees imposed under section 905.14. A person so committed who has probation revoked shall not be given credit for such time served. . . .

Iowa Code § 907.3(3) (2013).

organization which took her liberty by jailing her, and then negligently kept her confined after her mandatory minimum discharge date has been met."

Even assuming a statutorily created duty exists, a breach of the duty does not necessarily give rise to a cause of action. *See id.* at 726. "A 'violation of a statutory duty gives rise to a tort claim *only when the statute, explicitly or implicitly, provides for such a cause of action*.' Absent such a provision, the violation of a statutory duty does not give rise to a private cause of action." *Id.* (emphasis added) (citations omitted).

We employ a four-factor test to determine whether a private cause of action against the State may be implied from a statute:

> (1) Is the plaintiff a member of the class for whose benefit the statute was enacted? (2) Is there any indication of legislative intent, explicit or implicit, to either create or deny such a remedy? (3) Would allowing such a cause of action be consistent with the underlying purpose of the legislation? (4) Would the private cause of action intrude into an area over which the federal government or a state administrative agency holds exclusive jurisdiction?

*Id.* at 726–27 (quoting *Marcus v. Young*, 538 N.W.2d 285, 288 (Iowa 1995)).

Here, the district court concluded:

> As an inmate due credit for time served on probation, [Malek] is clearly a member of the class for whose benefit the statute was enacted. "The 'most relevant inquiry' is whether there is any indication of legislative intent to create a private cause of action." [*Kolbe*, 625 N.W.2d at 727.] [Malek] has not shown evidence of a legislative intent to create a private right of action, nor has the court found evidence of such intent. The statute appears to simply direct how credit for time served is calculated for inmates of the Iowa prison system. In absence of any indication of legislative intent, the court must find that there is no implied private cause of action in Iowa Code section 903A.5, and therefore [Malek] does not have a right of action against the State.

Although Malek characterizes her negligence claim as not relying upon any statutory authority other than section 669.2(1) and 669.2(3)(b),[2] she asserts section 903A.5 provides the basis for the duty imposed upon the State. In *Sanford v. Manternach*, our supreme court stated:

> Even if the recognition of a tort claim would be consistent with chapter 903A and would not intrude into an area over which the [Iowa Department of Corrections] has exclusive jurisdiction, the lack of any indication that the legislature intended to create such a cause of action is fatal to the plaintiff's case.

601 N.W.2d 360, 372 (Iowa 1999). We see no distinction between Malek's claim and Sanford's claim. Accordingly, we agree with the district court that section 903A.5 does not explicitly or implicitly provide for a private cause of action. We therefore affirm the entry of summary judgment in favor of the State.

**AFFIRMED.**

---

[2] These definitional provisions of the Iowa Tort Claims Act state:

As used in this chapter, unless the context otherwise requires:

1. "Acting within the scope of the employee's office or employment" means acting in the employee's line of duty as an employee of the state.

. . . .

3. "Claim" means:

. . . .

b. Any claim against an employee of the state for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment.

Iowa Code § 669.2.