# IN THE SUPREME COURT OF IOWA

No. 22–0618

Submitted April 13, 2022—Filed April 15, 2022

**KIM SCHMETT** and **LEANNE PELLETT,**

> Petitioners-Appellees,

vs.

**STATE OBJECTIONS PANEL,**

> Respondent-Appellant,

and

**ABBY FOR IOWA,**

> Intervenor-Appellant.

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

The State Objections Panel and a candidate committee appeal a ruling of the district court reversing the Panel decision that overruled objections to the candidate's nomination petition. **REVERSED AND REMANDED.**

Per curiam. McDonald, J., filed an opinion concurring specially, in which Oxley, J., joined.

Thomas J. Miller, Attorney General, Samuel P. Langholz (argued), Assistant Solicitor General, Matthew L. Gannon, First Assistant Attorney General, and Sharon Wegner, Assistant Attorney General, for appellant State Objections Panel.

Gary Dickey (argued) of Dickey & Campbell Law Firm, PLC, Des Moines, Kate S. Keane, Alexander F. Atkins, and Sarah N. Mahmood, Elias Law Group, LLP, pro hac vice for intervenor-appellant Abby for Iowa.

Alan R. Ostergren (argued) of Alan R. Ostergren, PC, Des Moines, for appellees.

**PER CURIAM.**

We must decide whether two missing dates and one incorrect date require a candidate for the U.S. Senate to be removed from the June 7, 2022 primary ballot. Without those signatures, the candidate does not qualify for the ballot; with them, she is just above the threshold.

Although including the date is a legal requirement when an eligible elector signs a nomination petition, *see* Iowa Code § 43.15(2) (2022), the legislature passed legislation last year to identify the specific circumstances when objections to petitions shall be sustained, *see* 2021 Iowa Acts ch. 147, § 9 (codified at Iowa Code § 43.24(2)(*a*) (2022)). The legislature did *not* include missing or incorrect dates as one of the grounds for sustaining an objection to a petition. *See id.* We conclude that the recent legislation prevails. Accordingly, we sustain the State Objections Panel's decision to reject the objections as to those three signatures. This means that we reverse the carefully considered ruling of the district court and remand with directions to dismiss the objectors' petition.

## I. Facts and Procedural History.

Abby Finkenauer is seeking the Democratic nomination for U.S. Senate from Iowa for the 2022 general election. On March 10, 2022, Finkenauer filed a nominating petition with the office of the Iowa Secretary of State. On March 15, two electors residing in Iowa, Kim Schmett and Leanne Pellett, filed objections to the petition. The objections raised a number of deficiencies in the petition, including a sheet with missing header information, duplicate signatures, incomplete addresses of signers, and missing or incorrect dates of signers. In

light of these deficiencies, Schmett and Pellett urged that the petition lacked the required signatures from at least 100 eligible electors in at least nineteen different counties. *See* Iowa Code § 45.1(1).

On the afternoon of March 29, the State Objections Panel (the Panel) held a hearing on the objections. The Panel consisted of the secretary of state, the auditor of state, and the state attorney general. *See id.* § 43.24(3)(*a*).[1] The Panel sustained a number of objections but ultimately voted 2-1 to overrule objections to the signatures of three electors who had provided either no date or a clearly incorrect date.[2]

One of these electors was from Allamakee County, and the other two were from Cedar County. Counting their signatures, Finkenauer had 100 signatures in Allamakee County and 101 in Cedar County, just above the statutory threshold for each of those counties.

Significantly, after the Panel had gone through Schmett and Pellett's other objections, Finkenauer's petition had met the 100-signature threshold in only seventeen other counties.[3] Thus, if the objectors' position as to dates had been sustained, Finkenauer would have failed to meet the requirements to be placed on the June 7 Democratic primary ballot.

---

[1]Schmett and Pellett moved that the auditor of state and the state attorney general recuse themselves. They declined to do so. Although Schmett and Pellett initially sought judicial review of their decisions not to recuse, they now agree that those matters are not before us.

[2]The clearly incorrect date was "6-6-27."

[3]Originally, Finkenauer turned in a petition that purported to have 100 or more signatures from each of twenty different counties. In eight of those counties, she turned in 113 or fewer signatures.

Following the Panel's decision to allow Finkenauer's nomination petition, Schmett and Pellett filed a petition for judicial review in Polk County District Court on March 31 and sought expedited consideration.[4] The district court granted that request. The court also granted a motion to intervene filed by Abby for Iowa, Finkenauer's official campaign committee.

After receiving briefs and hearing arguments from the parties on April 8, the district court worked through the weekend and issued a thorough eighteen-page decision on Sunday evening, April 10.[5] The court did so to ensure that there would be adequate time and opportunity for review by this court. We appreciate the district court's courtesy and we trust that the parties do as well.

In its April 10 ruling, the district court first found that Schmett and Pellett had standing. It reasoned that Iowa Code section 43.24(1)(*a*) allows objections from any Iowa elector eligible to vote in the general election regardless of party because it permits objections from "any person who would have the right to vote for the candidate *for the office* in question." (Emphasis added.)

Turning to the merits, the district court agreed with Schmett and Pellett that the three undated or improperly dated signatures should not have been counted. The district court found the language of Iowa Code section 43.15(2) controlling, which provides that "[e]ach signer *shall add* the signer's residential address, with street and number, if any, and the date of signing." (Emphasis

---

[4]The district court and this court have been advised that a final decision must occur in this case on or before April 18 to allow time for the printing and mailing of ballots.

[5]Abby for Iowa filed an additional memorandum of law at 8:10 p.m. on Friday, April 8.

added.) The court also explained why it disagreed with the Panel's view that "substantial compliance" with the petition requirements would be sufficient.

The Panel and Abby for Iowa appealed on April 11. We retained the appeal and, like the district court, granted expedited consideration.

## II. Standard of Review.

In *Chiodo v. Section 43.24 Panel*, we assumed without deciding that the State Objections Panel was an administrative agency from which judicial review could be sought under Iowa Code chapter 17A. 846 N.W.2d 845, 848 n.1 (Iowa 2014). We did so because that is how the action was treated in the district court, the issue was not appealed, and resolution of that issue "is not germane to our determination in this expedited appeal." *Id.* The same situation presents itself here. Thus, we will continue to assume without deciding that panel decisions are subject to the requirements of chapter 17A. As in *Chiodo*, we leave open the question of whether the proper avenue for judicial review is instead by writ of certiorari. *See id.*

The parties do not contend that the State Objections Panel has been granted interpretive authority over the relevant statutes, nor do we see any language in Iowa Code chapter 43 that would support such a contention. Therefore, our review is for correction of errors at law.

## III. Legal Analysis.

This case requires us to attempt to harmonize three statutes.[6]

---

[6]We are assuming for purposes of decision that Schmett and Pellett have standing.

First, Iowa Code section 43.14(2)(*c*) provides,

A signature line shall not be counted if the line lacks the signature of the eligible elector and the signer's residential address, with street and number, if any, and city. A signature line shall not be counted if an eligible elector supplies only a partial address or a post office box address, or if the signer's address is obviously outside the boundaries of the district.

Second, Iowa Code section 43.15 provides in part,

The following requirements shall be observed in the signing and preparation of nomination blanks:

. . . .

2. Each signer shall add the signer's residential address, with street and number, if any, and the date of signing.

Lastly, Iowa Code section 43.24(1) provides in part,

Nomination petitions or certificates of nomination filed under this chapter which are apparently in conformity with the law are valid unless objection is made in writing.

*a.* Objections to the legal sufficiency of a nomination petition or certificate of nomination filed or issued under this chapter or to the eligibility of a candidate may be filed in writing by any person who would have the right to vote for the candidate for the office in question. Objections relating to incorrect or incomplete information for information that is required under section 43.14 or 43.18 shall be sustained.

Unsurprisingly, each side before us focuses on different language. Schmett and Pellett make Iowa Code section 43.15 the centerpiece of their argument. They urge that this section requires the signer to include "the date of signing." *Id.* § 43.15(2). They note that this section uses mandatory language—i.e., "[t]he following requirements shall be observed" and "shall add." *Id.* § 43.15. In their view, the signer's failure to follow such a clear statutory mandate means that the signature cannot be counted.

The Panel and Abby for Iowa, on the other hand, home in on Iowa Code sections 43.14(2)(*c*) and 43.24(1). They point out that section 43.14(2)(*c*) lists reasons why a signature line shall not be counted, but they do not include a missing or incorrect date. They also point out that section 43.24(1) provides that objections based on section 43.14 shall be sustained, but section 43.24(1) says nothing about objections based on section 43.15.

Neither side's position is without flaws. The Panel and Abby for Iowa have trouble explaining what purpose is served by the word "shall" in Iowa Code section 43.15 if nothing happens when a signer leaves out the date. They also have to explain why their statutory interpretation seemingly makes it impossible to challenge the signature of an elector who resides outside the district, so long as the elector doesn't reside "obviously" outside the district.[7] *Id.* § 43.14(2)(*c*).

On the other hand, Schmett and Pellett have to explain why the legislature selected only a *subset* of the signing requirements as grounds for not counting signatures in section 43.14(2)(*c*) or sustaining objections in 43.24(1). And, seemingly, those are the more important signing requirements. The date of signing might assist in verifying the petition if the signer was only an eligible elector for part of the time period during which the petition was being circulated, but it is hard to see why it would matter in any other context. Similarly, the requirement that the sheets of the petition be "neatly arranged" and "securely fastened together" appears in section 43.15 but not in 43.14. *Compare id.*

---

[7]Indeed, the Panel's counsel conceded this point at oral argument.

§ 43.15(4), *with id.* § 43.14. The neatness and tidiness of the petition would likely matter to the secretary of state's office but might not justify sustaining an outside party's objection.

Statutory interpretation is not like proving math theorems, and it is sometimes difficult to come up with a neat answer that is intellectually satisfying. In the end, we believe we must be guided by the legislature's last word on the subject. Iowa Code section 4.8 provides, "If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment by the general assembly prevails." *See, e.g., In re C.Z.*, 956 N.W.2d 113, 122 (Iowa 2021) (applying this canon); *Iowa Right to Life Comm., Inc. v. Tooker*, 808 N.W.2d 417, 429 (Iowa 2011) (same).

Less than a year ago, in May 2021, the legislature enacted Senate File (SF) 568, an omnibus revision of Iowa's election laws. *See* 2021 Iowa Acts ch. 147. The second sentence of Iowa Code section 43.24(1)(*a*) was added at that time: "Objections relating to incorrect or incomplete information for information that is required under section 43.14 or 43.18 shall be sustained." *See id.* § 9. We therefore believe it is reasonable to treat this language as determinative of the legislature's views as to when an objection to a signature based on incorrect or incomplete information should be sustained. Otherwise, there would have been no reason to include it in SF 568. And, as we have already noted, there is no reference to missing or incorrect dates in section 43.14.

Schmett and Pellett argue that nothing in Iowa Code section 43.14(2)(*c*) indicates it is exclusive. That is, section 43.14(2)(*c*) does not say that it provides

the *only* grounds on which a signature may be disqualified. That argument would carry more weight if section 43.14 stood alone, and we were measuring it alongside section 43.15 without the benefit of section 43.24. But section 43.24— with its incorporation of section 43.14—changes things. The legislature's decision to clarify the remedial provision in chapter 43 must be given effect. *See State v. Hall,* 969 N.W.2d 299, 309 (Iowa 2022) ("Meaning 'is expressed by omission as well as by inclusion . . . .' " (quoting *Marcus v. Young,* 538 N.W.2d 285, 289 (Iowa 1995)).

Section 43.24 deals with outside party objections. And here, less than a year ago, the legislature made it clear as to when an objection by a private party is required to be sustained. Again, we quote from section 43.24(1)(*a*):

> Objections to the legal sufficiency of a nomination petition or certificate of nomination filed or issued under this chapter or to the eligibility of a candidate may be filed in writing by any person who would have the right to vote for the candidate for the office in question. Objections relating to incorrect or incomplete information for information that is required under section 43.14 or 43.18 shall be sustained.

This is an important juxtaposition. Section 43.24(1)(*a*) identifies both who may object and when their objections shall be sustained. It creates, in other words, a specific private remedy under specific circumstances. Normally, when the legislature establishes and defines the scope of a private remedy, we deem it exclusive. *See, e.g., Ferguson v. Exide Techs., Inc.,* 936 N.W.2d 429, 436 (Iowa 2019).

**IV. Conclusion.**

For these reasons, we reverse the judgment of the district court and direct that the petition be dismissed. Procedendo shall issue at 4:30 p.m. on Friday, April 15, 2022.

**REVERSED AND REMANDED.**

This opinion shall be published.

All justices concur except McDonald, J., who concurs in result only and files a special concurrence, in which Oxley, J., joins.

**McDONALD, Justice (concurring specially).**

I concur only in the judgment.

Oxley, J., joins this special concurrence.